# KNIGHT *vs.* KNIGHT.

1 When a verbal contract, as to land, has been so largely acted on as to be almost fully performed on both sides, the effect is to take the case out of our statute of frauds.

2 The consideration of a note was expressed to be, "value received." *Held*, that verbal evidence, that an agreement was the consideration of the note, would not be evidence to contradict the note.

3 When the remedy required by a case is an injunction, it cannot be true, that there is an adequate remedy at hand.

In equity, in Spalding superior court. Decision on demurrer, by Judge CABANISS, at November Term, 1858.

This was a bill by Peter Knight against William Knight, to enjoin and restrain him from the collection of a note against complainant amounting to over one thousand dollars.

The bill, in substance, states that about the year 1837 Charles Knight, the father of complainant and defendant, died in the county of Henry, leaving his last will and testament, by which he gave his entire estate (except a few small specified legacies, which have long since been delivered,) to his wife, Sarah Knight, (who was insane,) during her life, and after her death to his children ; that Solomon Lasseter was appointed executor of said will, and testamentary guardian of said Sarah. After Lasseter's death, defendant was appointed administrator *de bonis non*, with the will annexed, and guardian of said Sarah, and took possession of the whole estate. Some time after his appointment as guardian of said Sarah, he was required to give additional security, and complainant became his surety in a bond with a penalty of four thousand dollars.

The bill further states, that about the year 1852 defendant informed complainant and the other remainder-men

that he desired to sell certain property belonging to said estate, viz: two negroes and a tract of land; and proposed to them that if they would consent to said sale and make no objection thereto, that he would place in their hands or loan to them the proceeds, which they could have or retain until the termination of the life estate or death of his ward, the said Sarah, paying up the interest annually for her maintenance and support, unless more should be needed; that this proposition was assented and agreed to by complainant and the others, and defendant obtained an order from the court of ordinary for the sale of said land and negroes, and the same were sold for about five thousand dollars; complainant received under the arrangement aforesaid one thousand dollars, for which he gave his note, the interest of which he has paid up punctually, and the note has been repeatedly renewed.

The bill charges that defendant has removed from the State of Georgia, and is now residing in the State of Alabama; that he has commenced suit against complainant on said note, and will obtain judgment thereon at the next term of Spalding superior court, in which court said suit is pending; that said money, (or not more than the interest thereof,) is not needed or required for the support and maintenance of said Sarah; that if defendant is allowed to collect said note and get possession of the same, complainant fears and charges that he believes he will waste and dissipate the funds to which complainant and the other remainder-men are entitled at the death of said Sarah; that complainant is still bound as surety on defendant's guardian-bond as above mentioned; and that his interest as remainder-man in said estate will fully equal if not exceed said note.

The bill prays that the action on said note be enjoined. To this bill defendant demurred—

First. Because there is no equity in said bill;

Second. Because the agreement set up in said bill, and

Knight vs. Knight.

on which complainant relies for relief is in parol, and cannot be made available to contradict or vary the promissory note sued on, and which contains the agreement of the parties;

Third. Because complainant's defence, if available at all, can be fully and completely made in a court of law.

The court, after argument, sustained the demurrer and dismissed the bill, and counsel for complainant excepted.

BECK, and GREEN & STEWART, for plaintiff in error.

ALFORD, and DOYAL, contra.

By the Court.—BENNING, J., delivering the opinion.

Was the court below right in overruling the demurrer to the bill?

The grounds of the demurrer were, that the case made by the bill was a case within the statute of frauds; a case within the rule forbidding the admission of parol evidence to vary a writing: and a case in which there was a complete remedy at law. Were any of these grounds good?

As to the first—The agreement, it is true, related in part to land; but it was an agreement nearly fully performed on both sides. The life tenant was a very old person. It had been very largely acted on by both parties. This being so, to allow one of the parties to repudiate it, would be a fraud on the other. And when that is so, the case is taken out of the statute of frauds. Gilmore v. Johnson, 14 Ga. R., 683.

2. As to the second ground—The note is expressed to be for "value received." In what the value consisted is not stated. Therefore, anything of value might, consistently with the note, have been the consideration; consequently the agreement might, consistently with the note, have been the consideration. It must follow, that parol

Knight vs. Knight.

evidence to show that the agreement *was* the consideration, could not be evidence to contradict the note. And, according to the bill, which we have to take as true, the agreement was merely the consideration of the note. But for the agreement, no note would have been given by the plaintiff; no money would have been received by him. We may say, then, that the agreement was the consideration of the note. The conclusion, therefore, must be that parol evidence to prove the agreement would not be evidence to contradict the note.

Indeed, it is the general rule, that the *consideration* of written contracts is open to parol evidence. Failure of consideration is every day's plea, as well to contracts in writing as to contracts not in writing.

As to the third ground—What remedy was the plaintiff entitled to? Obviously an injunction to prevent the defendant from collecting any more of the note than the annual interest; and an injunction is a writ not grantable by a court of common law. It cannot be true, then, that the remedy at common law was adequate.

It was suggested that the prayer was not sufficient. The prayer was for an injunction of the suit, and for general relief. A special injunction requiring the defendant to abstain from collecting any part of the note but the annual interest, would, we rather think, be grantable under this prayer. At any rate, the prayer is amendable.

In our opinion, then, none of the grounds of the demurrer were sufficient.

                                        Judgment reversed.