GRIMES & ARTHUR *v.* FALL *et als.*

PAROL proof of a written contract and assignment thereof in writing, not admissible, so as to charge the assignee, without notice to produce the original or accounting for its loss.

Injury is presumed from evidence erroneously admitted, and the adverse party must show clearly that no injury accrued, or the judgment cannot stand.

APPEAL from the Fifteenth District.

The plaintiffs undertook to erect certain dams, flumes, etc., on the Feather river, for a company mining on said river, known as the "Nebraska claim."    They entered on their work, and while they were engaged therein, the defendants were engaged erecting similar works for the Union Cape Mining Company lower down on the same stream. The works erected below backed the water upon the works erected by plaintiffs, and hindered and delayed them in the completion of their job.    For the damages thus done, the plaintiffs brought their action.

The complaint alleges " that defendants, on the second day of August, and from that date up to the tenth day of September, A. D. 1858, constructed and caused to be constructed a dam across the main Feather river, (about eight thousand feet below the plaintiffs' foot dam) which caused the waters in said river to back upon and flood the said Nebraska claim to the depth of five feet above the height that the same would have been if defendants had not erected and constructed said dam."

The denial in the answer of this allegation is in the following words: "And defendants, further answering, deny that they have backed water on the said Nebraska claim to the depth of five feet." Defendants also " deny that they have backed water so as to prevent plaintiffs from locating the posts necessary to support plaintiffs' flume upon a firm foundation; and deny that any trespass of said defendants has delayed plaintiffs in the construction of said work, or that said plaintiffs have sustained damage," etc. There is then a plea of justification under the miners' laws, and that defendants had a right to back the water, etc.

Verdict for plaintiff, $2,500; judgment accordingly; defendants appeal.

*Burt & Rhodes*, for Appellants, against the admission of parol proof of the assignment to Fall, cited 1 Greenleaf's Ev. secs. 82, 84, 87; 10 Cal. 267; 4 Id. 105.

*Robinson, Beatty & Heacock*, for Respondents, on this point argued that, although it is not competent to prove the nature or contents of a written assignment in any other way than by producing the writing itself, yet it is clear you may prove the naked fact that an assignment was made by oral evidence. It seemed to be conceded, on the oral argument, that the naked fact that there was an assignment made might be proved by oral evidence, if that could in any way be a material fact. But it was contended that the mere naked fact that there was an assignment could not tend to prove any material issue in the case, and therefore ought to have been excluded. We think it might have been a material fact in connection with others, to show that J. C. Fall was one of the parties engaged in erecting the lower dam. The testimony was not illegal. It may have been insufficient to prove the connection of J. C. Fall with the work, but it did no harm. By the pleadings, J. C. Fall admits himself one of the parties who erected the lower dam and backed the water on the claim of the plaintiffs.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

This action was trespass brought against defendants Fall, Dencla, Packard, A. S. Hart, M. S. Hart and the Union Cape Mining Company. The gravamen of the action was the backing of the water by the Union Cape Mining Company to the depth of some five feet up to

and over the Nebraska claim, which the plaintiffs had a contract to flume and complete, on or before the fifteenth of August, 1858.

The complaint alleges, among other things, that the dam constructed by the defendants, and the waters flooded by it upon the plaintiffs' claim, prevented the plaintiffs from locating the posts necessary to support the plaintiffs' flume upon a firm foundation.

The answer denies the averment in *hæc verba.* In support of their cause the plaintiffs, upon the trial, introduced a witness to prove that he had heard Fall, one of the defendants, say, that the contract to Hart (the original contractor) had been assigned to him. The contract was in writing. This proof seems to have been introduced as the only proof—apart from the alleged admisssions in the pleadings—to show that Fall had anything to do with the alleged trespass. In other words, it was sought to implicate Fall as a trespasser by the proof, in this mode, that he was the assignee of a contract in reference to this work, the damages claimed arising from the manner in which the work was done. That he was the assignee of the contract, and that, by force of this assignment, he was responsible for this alleged trespass, without further proof of his agency in causing or encouraging it, seems to be the proposition to which this proof was directed, and which it was offered to establish. It is very true that the answer of Fall, who answered jointly with other defendants, is not as explicit and direct as it might be in denial of the facts charged, of agency in the imputed trespass. But this specific cause of injury, which is averred to be one, if not the most important, of the elements of the plaintiffs' cause of action, is directly denied. And this evidence of the assignment seems to have been offered to maintain the issue on the part of the plaintiff. It was admitted against the defendants' objection.

There was error in admitting parol proof of this contract and assignment, without notice of production of the original, or accounting for its loss. Whether Fall was responsible or not, or in what degree, or how, by the mere fact of taking this assignment, depended upon the terms of the instrument and those of the assignment. These are primarily to be shown by the papers themselves. It is true, that sometimes the fact of the execution or existence of a deed may be shown by parol; but for no purpose of giving it effect as proof of any fact established by it. Whenever effect is to be given to a deed, as such, and to charge a party thereto, the deed itself must be produced. It is unnecessary to adduce authorities to so plain a proposition. But it is

said here, that no harm was done by the admission of this testimony, since the answer did not deny the trespass to have been committed by the defendant. This answer is quite plausible, but we think not entirely satisfactory. Error having been shown in the admission of this proof, it rests with the plaintiff to show clearly that no injury accrued from it. The rule is, that from error injury is presumed, and this intendment must be clearly rebutted. The denials in the first portion of the answer, probably were considered sufficient, though the denials were too narrow for a complete traverse. But in the latter portion of the answer the defendants seem to meet the averments expressly, negativing the very cause of injury literally and substantially—in effect, denying in an important particular, the trespass as it is charged. We cannot say that the defendant, Fall, was not injured, when he stood on this denial, by this proof, which we believe was the only proof of his agency in this trespass. Nor can we tell what weight the jury accorded in this connection, to the fact that he had become the assignee of this contract.

For this error, therefore, the judgment must be reversed and cause remanded.