## ADLER v. FRIEDMAN *et al.*

WHERE a note on its face draws two and a half per cent. per month interest, parol evidence is inadmissible to prove that from a certain time the interest had been reduced by a verbal agreement between the parties, to one and a half per cent. per month. Interest beyond the statutory rate cannot be established by parol.

Parol evidence is admissible to establish a new and distinct agreement, upon a new consideration, which is to be a substitute for the old written agreement; but it must appear that the old agreement is abandoned, and it is not competent to show, by parol, the incorporation of new terms and conditions, and the new agreement must be valid in itself, and such as may be the basis of an action.

APPEAL from the Fourth District.

Adler *v.* Friedman.

The facts sufficiently appear in the opinion.

Plaintiff had judgment for the amount of the note, with the interest therein expressed. One of the defendants appeals.

*Shattuck, Spencer & Reichert,* for Appellant.

I.   A verbal agreement, upon a sufficient consideration, made subsequent to the execution of a promissory note, and after its maturity, may be shown to vary its terms, whether as to interest or in any other particular.   (1 Greenl. Ev. secs. 303, 304; 2 Cow. & Hill's Notes to Phil. Ev. 592–3, 605–11; *Ward* v. *Winship,* 12 Mass. 481; *Eves* v. *Henderson,* 17 Wend. 190; *Erwin* v. *Sanders,* 1 Cow. 249; *McClelland* v. *Quarles,* 3 Blackf. 459; *Barker* v. *Troy and Bullard R. R. Co.* 1 Williams, 766; *Stearns* v. *Hall,* 9 Cush. 31; *Stryker* v. *Vanderbilt,* 1 Dutch. [N. J.] 482; *Low* v. *Forbes,* 18 Ill. 568; *Townsend* v. *Empire Dis. Co.* 6 Duer, 208; *Beach* v. *Covillaud,* 4 Cal. 315; *Green* v. *Wells,* 2 Id. 584; *McDonald* v. *Mountain Lake Water Co.* 4 Id. 327; *Grafton Bank* v. *Joshua Woodward,* 5 N. H. 99; *Bailey* v. *Johnson,* 9 Conn. 115; *Keating* v. *Price,* 1 Johns. Cas. 22; *Delacroix* v. *Bulkley,* 13 Wend. 71; *Buel* v. *Miller,* 4 N. H. 196; Phillips' Ev. 444; *Vickey* v. *Moor,* 2 Watts. 451.)

II.   The injury to appellant in paying a higher rate of interest than he could elsewhere procure the money at, and the benefit to respondent in receiving such higher rate, or in making an investment, was a sufficient consideration for the verbal agreement to reduce the rate. (*Samson* v. *Swift,* 11 Vt. 315; Chitty on Cont. 29, 30, 31; *Miller* v. *Drake,* 1 Caine, 45; *Seaman* v. *Seaman,* 12 Wend. 381; *Foster* v. *Fuller,* 6 Mass. 58; *Townley* v. *Lunevall,* 2 Peters, 182; *Powell* v. *Brown,* 3 Johns. 100; *Randle* v. *Harris,* 6 Yerg. 508; *Train* v. *Gold,* 5 Pick. 380.)

*Sidney V. Smith,* for Respondent.

I.   The Act of March 13th, 1850, requires that all agreements for a higher rate of interest than ten per cent. per annum shall be in writing.   (Laws of 1850, 92.)

II.   Whenever a law requires that in order to render an agreement valid it shall be in writing, no alteration can be made in such agreement unless it be also in writing.   (*Hasbuck* v. *Tappan,* 15 Johns. 200; *Goss* v. *Lord Nugent,* 5 Barn. & Adol. 58; 1 Sug. Vendors, 171; 1 Greenl. Ev. sec. 302.)

Brennan *v.* Swasey.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action to recover the amount of a promissory note for four thousand dollars, with interest at the rate of two and a half per cent. per month, and to foreclose a mortgage executed to secure its payment. On the trial of the case, the defendants offered to prove that from a certain time the interest had been reduced, by a parol agreement, to one and a half per cent. per month. The rejection of this proof is assigned as error.

The general rule is, that extrinsic verbal evidence is not admissible to contradict or vary the terms of a written agreement. This rule is not infringed by the admission of such evidence to prove that the written agreement has been discharged, or to establish a new and distinct agreement, upon a new consideration, which takes the place of, and is a substitute for the old. In the latter case, however, it must appear that the old agreement is rescinded and abandoned, and it is not competent to show by parol the incorporation of new terms and conditions. It is obvious, too, that the new agreement must be valid in itself, and such as may be made the basis of an action.

Under our statute, parol evidence is not admissible, in any case, for the purpose of establishing a claim to interest beyond the statutory rate. Such a claim must be evidenced by writing, or it is invalid, and cannot be enforced. The effect of the proof in this case would have been to establish a contract upon which the plaintiff could not recover. No action could be maintained upon it, and no effect can be given to it as a modification of the terms of the original agreement.

The other points in the case are without merit, and the judgment must therefore be affirmed.

Ordered accordingly.