## EDWARD LALLY v. MORRIS WISE and M. STERN.

WHO MAY SUE FOR DAMAGES ON AN INJUNCTION BOND.—M., a Sheriff, had in his hands money belonging to L., which he had collected on an execution in favor of L. and D., and against S. W. and C. commenced an action against M., L., and others, to enjoin M. from paying the money to L., and procured a preliminary injunction, which was served on M. alone, but L. appeared in the action and defended. The injunction bond ran to all the defendants. *Held*, that L. could maintain an action for damages on the injunction bond.

SEVERAL ACTION ON INJUNCTION BOND.—Each of the parties to whom an injunction bond is made payable may sue on the same for his several damages, even if the bond is made payable to the obligees jointly.

DAMAGES FOR DETAINING MONEY WHEN ENJOINED.—Where an officer is enjoined from paying over money in his hands, legal interest only can be recovered as damages for its detention in an action on the injunction bond.

ADMISSION OF ERRONEOUS EVIDENCE.—If erroneous evidence is admitted, and the

record does not negative the presumption that injury was sustained thereby, the judgment will be reversed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The execution on which the money was collected was in favor of Lally and Day, and against Schwartz. Murphy, the Sheriff, suffered default in the injunction suit, but Lally defended, and judgment was entered upon the merits, dissolving the injunction and dismissing the complaint as to him.

The other facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp*, for Appellants.

Respondent was never enjoined. The writ was never served upon Lally, and without personal service upon him the injunction was not effective. (*Becker* v. *Hagar*, 8 Howard's Pr. 69; *Watson* v. *Fuller*, 9 Howard's Pr. 426; *Coddington* v. *Webb*, 4 Sandford, 639; Eden on Injunctions, 93; *Summers* v. *Faris*, 10 Cal. 347; *Mallice* v. *Gifford*, 16 Abb. 247.)

The only damages which the law allows for the detention of money under its process is the legal interest. Ten per cent per annum is the only rate of interest recoverable in actions upon undertakings on injunction for moneys detained. (*Heyman* v. *Landers*, 12 Cal. 107; 2 Parsons on Cont. 489.)

*Edward Tompkins*, for Respondent.

It is alleged in the complaint, and not denied by the answer, that by the injunction Murphy was prevented from paying and Lally from receiving the money. So soon as an action was commenced against him, Lally had a right to appear and defend. When his money was enjoined he was damaged. The undertaking recites that the injunction is to prevent his getting his money. The record shows the character of the suit. This point, then, if it has any force whatever, involves this absurdity: that Lally's money could be enjoined in the Sheriff's hands, who, as between the parties, was a mere stakeholder, and had no interest in defending, and so long as the

plaintiff did not choose to serve Lally personally, he could take no steps to get his money released, and is entirely without indemnity for the damages he sustains. The learned counsel for the appellants have apparently confounded this case with the cases where the only question involved was whether a party could be punished for contempt who had not been personally served. *Becker* v. *Hagar* only decides that a defendant who has appeared and not answered, is not entitled to notice of a motion for an injunction. *Watson* v. *Fuller* decides that an injunction only affects persons named as parties to the action. *Coddington* v. *Webb* establishes that personal service of an injunction is necessary to put a party in contempt for disobeying it.

Legal interest in California is whatever parties fix by their contracts, except when they fail to agree in writing, and then it is ten per cent per annum. In New York and other States a different rule prevails. There the rate of interest is fixed, and it is made an offense to take more than the prescribed rate, and the Courts there have adopted as a rule to mulct the wrongdoer in the very highest rate that the use of the money can produce.

In California it has been attempted to adopt the same rule, but the Supreme Court, in two hastily considered cases, cited by the counsel for the appellants, have failed in its application. They decide in substance that " interest " and " damages" are synonymous—that in matters of contract, " legal interest " is what the party can get for his money, but in cases arising out of wrongs his damages are not what he is thus prevented from getting ; that torts are cheaper than breaches of contract ; that the man whose contract makes two per cent a month " legal interest " has only to get the payment stayed by injunction, and the rate is forthwith reduced to ten per cent per annum ; that the law thus offers a premium to fraud and wrong, and that compensatory damages no longer mean compensation for direct injury, but an arbitrary rule by which he who has sustained damages to ten per cent shall be paid in full, and he who has been injured in the same direct manner

one hundred per cent shall be cut off by the administration of the law with ten cents on the dollar of his loss.

By the Court, SHAFTER, J.

This is an action on an injunction bond executed by the appellants in the suit of *Uhlfelder et al.* v. *Schwartz, Murphy, Lally, et als.* Murphy was Sheriff of the County of Santa Clara, and he, amongst other things, was restrained by the injunction from paying over to Lally the sum of one thousand six hundred and seventy-five dollars forty-one cents collected on an execution in favor of Lally against the said Schwartz. It was thereafter determined that the injunction had in that particular been improperly granted. The plaintiff herein, recovered a judgment for one thousand forty-two dollars as damages sustained by reason of a breach of the undertaking declared on. The defendants moved for a new trial, and the appeal is from the order denying the motion.

First—It is claimed that the respondent was never enjoined, for the reason that the injunction was never served upon him.

The undertaking was entitled in the suit of "S. Uhlfelder & L. Cahn v. Henry Schwartz, Edward Lally, Henry Heilburner, Samuel Day and John M. Murphy, Sheriff of the County of Santa Clara. It appeared from the judgment roll in that action, given in evidence in this, that the only injunction asked for was against Murphy, restraining him, so far as Lally was concerned, in the manner before mentioned. Lally, though served neither with the injunction, nor in the action, appeared; and it was through his intervention that the injunction was dissolved as to the money belonging to him. The appellants, by the very terms of the undertaking, "acknowledge themselves to be indebted to the defendants in the above entitled action, and to each or either of them, in the sum of two thousand dollars; for the payment of which, well and truly to be made, they jointly and severally bind themselves and their heirs, executors and administrators firmly by these presents." The condition, after reciting the pendency of the action and

that the County Judge was about to order an injunction restraining Murphy from paying over to " said defendant Lally and to said Day certain moneys now in his hands by the sale of property under execution in favor of said Lally and said Day severally," provides " that if the plaintiffs in said action above entitled shall pay to said parties so enjoined such damages not exceeding two thousand dollars, as such party may sustain by reason of said injunction, if the Court having jurisdiction thereof shall finally decide that the plaintiff was not entitled thereto, then this undertaking shall be void; otherwise of full force."    Lally was not personally enjoined, nor was there any occasion for restraining him.    By the service of the writ upon the Sheriff, Lally's money was effectually intercepted, and the plaintiffs in the proceeding had no motive to go further.    Though there may be some question, in view of the fact that Lally was not personally enjoined, as to whether the strictly legal right is in him, yet it is apparent on the face of the undertaking that the bond was given for his and not the Sheriff's protection; and as the party beneficially interested in the damages claimed herein, Lally is competent to sue for their recovery.    (Prac. Act, Sec. 6 ; *Baker* v. *Bartol*, 7 Cal. 551.)

Second—It is further insisted that Day should have been joined as a party plaintiff.

The indebtedness confessed in the undertaking is to " each and every " of the defendants in the action in which it was given, as well as to them all jointly.    But if the undertaking did not run to the obligees severally still each could sue for his several damages.    (*Sumner* v. *Farish*, 10 Cal. 351.)

Third—At the trial the plaintiff offered to prove that money was worth one and a half per cent per month during the time that the payment of it was restrained by the injunction.    The defendants objected to the evidence; the objection was overruled and the defendants excepted.

The question of the admissibility of the evidence is concluded by *Heyman* v. *Sanders*, 12 Cal. 107.    It is now more than six years since that decision was made, and it has been

steadily followed during the interval as a correct exposition of the law. We are far from being convinced by the very able argument submitted by counsel for the respondent, that the decision is erroneous; but, if it be so, the rule which it establishes must be changed, if at all, by the Legislature.

But it is insisted for the respondent that it does not "appear" that the finding of the referee was at all influenced by the evidence in question.

It was held in *Grimes et al.* v. *Fall et als.*, 15 Cal. 63, that "injury is presumed from evidence erroneously admitted, and the adverse party must show clearly that no injury accrued or the judgment cannot stand." The record in this case does not negative the presumption named. Should it be admitted that the answer does not deny effectually the grounds or causes of damage laid in the complaint, still it is not pretended that an issue is not well taken upon the question of the amount of the damages. Aside from the testimony relating to the counsel fee, and the current rates of interest, there was no evidence bearing upon that issue; and we must therefore intend that the damages found by the referee ($1,042) were made up of the counsel fee and interest on the plaintiff's money during the time it was enjoined in the Sheriff's hands. There was no conflict in the evidence concerning either of these items, and the counsel fee as claimed and proved, together with ten per cent interest upon the one thousand six hundred and seventy-five dollars and forty-one cents during the period of its detention would amount to only seven hundred and ninety-three dollars and twenty cents. The record then not only fails to show that the testimony erroneously admitted was not prejudicial to the appellants, but shows affirmatively that they were in fact prejudiced thereby.

The judgment is reversed and a new trial ordered, unless the respondent within twenty days file a release of the judgment to the extent of two hundred and forty-eight dollars and eighty cents, parcel thereof, in which event the judgment will stand as affirmed, but the respondent must pay the costs of this appeal.