## A. J. PLATE *v.* PLACIDO VEGA AND FELIPPE ARRELLANO.

VARIANCE BETWEEN PLEADING AND PROOF.—If the answer sets up as a defense, in an action on a bill of exchange, a total failure of consideration, and the proof shows a partial failure only, the variance is not an available one under our practice.

FAILURE OF CONSIDERATION.—Where a bill of exchange is given for goods sold in bulk, to be afterwards delivered by the vendor, and samples are delivered as a test of the quality, a failure to deliver the goods is a total and not partial failure of consideration.

FACTS EXCUSING COMPLIANCE WITH CONTRACT.—If a draft is given for part purchase price of goods, under a contract that the vendor shall keep the goods ninety

days and then deliver them upon the payment of the entire price, less the draft, and before the time expires the purchaser notifies the vendor that he cannot comply with the contract, but will pay the draft, the vendor is excused from keeping the goods.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Defendant recovered judgment in the Court below, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow*, for Appellant. The only defense attempted here is that of a *total failure* of consideration of the notes sued upon. This defense could not obtain, because the proof showed that the defendant Vega received under the contract about five hundred dollars worth of the property, and that he still retains it. The non-performance of a contract will always be excused when it is occasioned by act of law, *or by an act done by public authority*. (Chitty on Contracts, 804, 10th American edition, by J. C. Perkins; *Presbyterian Church* v. *City of New York*, V. Cowen, 541; *Bayliss* v. *Fettiplace*, 7 Mass. 337–8.)

*W. H. L. Barnes*, for Respondents. The argument that because samples of the merchandise agreed to be kept on hand by the plaintiff were intrusted to the defendant, there was a partial consideration for the bills, has no good foundation either in the facts or the law of the case. There was sale of the goods by delivery of samples, but the samples remained the property of the vendor until the contract was complied with. There was no partial failure of consideration. The contract was an entirety, and the consideration of the bills was the entire performance of the same, and plaintiff cannot maintain his action. (1 Story's Equity Jur., Sec. 470.)

By the Court, SHAFTER, J. :

This is an action on two bills of exchange for one thousand dollars each, executed on the 23d of July, 1864, and payable in ninety days after date. The bills were drawn by Vega upon his co-defendant, by whom they were duly accepted. The defense set up specially in the answer was, a total failure of consideration.

It appeared at the trial that the consideration of the drafts was a written undertaking by the plaintiff " to retain and keep on hand for a period of ninety days," certain munitions of war, of the agreed value of sixty-one thousand seven hundred and ninety-three dollars. Two " samples" of each lot, however, were to be and were delivered immediately to the purchaser, Vega. In the event that the purchase money, sixty-one thousand seven hundred and ninety-three dollars, less the amount of the drafts, was not paid at the end of ninety days, Plate was to be considered as discharged from his contract to deliver the bulk, and the drafts were to become forfeit to him as stipulated damages. It appears further that the plaintiff delivered the samples to Vega as agreed, but that he failed " to retain and keep on hand" the residue of the invoice for the prescribed period of ninety days. On the 19th day of August, 1864, the arms, etc., were seized in the hands of the plaintiff by the military authorities of the United States, in whose possession and custody they would seem to have remained ever since. The defendant, Vega, has never returned the samples to the plaintiff, nor does it appear that he was ever requested so to do.

First—It is claimed for the appellant that this state of facts does not support the defense set up in the answer of a total failure of the consideration of the drafts.

The difference between the allegation and the proof does not lie in kind but in quantity or degree, and therefore it may be doubted whether the discrepancy would amount to a variance at common law. But if otherwise, it is manifest that

49

the variance is not an available one under our system. (Practice Act, Sec. 579.)

But we consider that the failure of consideration was total. The stores delivered were delivered as samples. Not that the sale was by sample, but the delivery was obviously made as a test or remembrancer of the quality or identity of the bulk. The part delivery was not absolute but provisional, and on the failure of Plate to keep and retain the munitions in his hands for the prescribed period, no matter to what cause the failure is to be attributed, the right to collect the notes was gone, and it became the duty of Vega to redeliver the samples to him on demand. He now holds them as depositary.

But the plaintiff undertook to avoid the alleged failure of consideration on the ground that Vega, prior to the seizure of the arms by the Government, and before it had taken any steps in relation to them, told the plaintiff that he could not comply with the contract, and notified him that he gave up the contract altogether, and remarked that the plaintiff would of course be entitled to the payment of the drafts now in suit. This avoidance was testified to by Plate, and his testimony was to some extent corroborated by the silence of Vega, who, though on the stand as a witness on his own behalf, said nothing upon the subject. The question of fact was put fairly to the jury by the Court on the testimony of Plate, for there was no other, bearing in anywise upon the question. The jury found for the defendants.

The verdict cannot be permitted to stand. There was no conflict in the evidence, the testimony of the plaintiff was corroborated in the manner suggested, and no question is made upon the legal effect of the new matter if proved.

Judgment reversed and new trial ordered.