NicholsON, C. J.,
delivered the opinion of the court.
This is an action of debt commenced in the Circuit Court of Knox county in 1868 on a note for 802.25, dated at Knoxville, on the 12th of November, 1866, payable twelve months after date to Guite-man Brothers & Co., and signed by S. Bissenger.
To the declaration there were three pleas — nil debit, payment, and a special plea — in which it is averred that, at the time of making the note sued on, defendant Bissenger was a partner in a firm of Julius Ochs & Co., of which the members were Julius Ochs, Nancy Frank, and defendant; and that said firm being indebted to plaintiff by account, defendant executed to plaintiffs in part payment of said account, as such partner, his said note sued on. He further avers that afterwards, on the 16th of November, 1866, at Cincinnati, plaintiffs executed an agreement with defendant as such partner that plaintiffs would accept forty per cent, of the amount owing to them, as *280 aforesaid, in full satisfaction of the said indebtedness of Julius Ochs & Co., and execute to defendant a full receipt and release for the said indebtedness. And further, that all the other creditors of defendant, as such partner of. Julius Ochs & Co., did then' and there also ' accept forty per cent, of their several demands, and agree to give defendant, as partner, a full receipt and release. And defendant avers that, as partner of Julius Ochs & Co., jointly with his co-partner, they have paid the said forty, per cent, in accordance with said agreement, and that plaintiff accepted 'said forty per cent, in full for the said indebtedness of Julius Ochs & Co. to plaintiff.
Issues were made upon those pleas, and, upon a trial by a jury, they rendered a verdict for plaintiff, on which there was a judgment, from which defendant appealed in error to this court.
The first error relied on by plaintiff in error for reversal is, that the Judge said to the jury that “defendant would not be allowed to give parol evidence of an agreement between him and the plaintiff at the time of making of the notes that it should be renewed, or that payment should not be demanded on its becoming due, or that it should be paid in any other mode than is imputed on its face.” This charge was given to the jury for the purpose of withdrawing from them evidence which had been objected to, but admitted to be given over the objection of plaintiff below. That evidence, as stated in the bill of exceptions, was as follows: “There was an understanding at the time the notes were given that *281 if tbe firm of Julius Ochs & Co. made a settlement that these' notes were to be held for nothing.”
It was in evidence that about the 5th of November, 1866, the firm of Julius Ochs & Co. made an assignment for the benefit of their creditors, including plain tiffs, whose claim was about $5,000 by accent; that afterwards one of the firm of the plaintiffs came from Cincinnatti to Knoxville, and obtained from defendant the note sued on, and also two other notes, one signed by Julius Ochs & Co., indorsed by Louis David, and one by Julius Ochs alone, still leaving several thousand dollars of the original debt of Julius Ochs & Co. due and unpaid. It was in reference to these three notes that the agreement was made that “they were to be held for nothing if the firm of Julius Ochs & Co. made a settlement.” It is insisted for defendant in error that the action of the court in rejecting the evidence as to the condition on -which the notes were to be held for nothing, is sustained by the familiar principle that parol evidence is inadmissible to vary the terms or change the legal effect of a written contract. But was this evidence offered to add to or take from, or in any way to vary the legal effect of the note ? It was evidence of a collateral agreement that upon a specified condition the note would be totally discharged.
In sec. 302, 1 Greenl., it is said: “Now, returning to the consideration of the general rule, that extrinsic, verbal evidence is not admissible to contradict or ‘ alter a written instrument, it is further to be observed that this rule does not exclude such evidence *282 when it is adduced to prove the written agreement is totally dischargedand, further, “any obligation by writing, not under seal, may be totally dissolved by an oral agreement.” And in s. 304 it is laid down, “ that it has been competent to prove an additional and supplementary agreement by parol — as, for example, where the contract for the hire of a horse was in writing, and it was further agreed by parol that accidents occasioned by his shying should be at the risk of the hirer.”
The same doctrine is recognized and' declared in Leinau v. Smart, 11 Hum., 308; Cobb v. O’Neal, 2 Sneed, 438. In Mitchell v. Planters Bank, 8 Hum., 216, this court held that a declaration made by the cashier to the directors of a bank in session, that a particular person would endorse a note offered for discount, and upon which undertaking it' was discounted, was competent testimony, as showing the character of the contract, and the consent of the directors that the note should be discounted on condition the promise so communicated to them should be fulfilled.
We are therefore of opinion that the court erred in excluding the evidence as to the note being held for nothing in the event a settlement was made with plaintiff, as this evidence was competent to show the character of the contract, and that the notes were executed on the condition that if a settlement should be made they were to be held for nothing.
The plaintiff in error next insists that the court below erred in charging the jury, “ that before the plaintiff would be bound by the agreement or writing *283 read in evidence, signed by Julius Ochs & Co., or before they would be estopped by said agreement from collecting the full amount due them from Julius Ochs & Co., it must appear by proof that all the beneficiaries in the deed of trust and creditors of Julius Ochs & Co. had agreed to it; that the burden of proof to show this would be on-the defendant or those alleging that all the creditors did agree to it.” No just exception can be taken to this part of the charge. The defendant, by his special plea, affirmed that all the creditors had agreed to the settlement. The plaintiff took issue on this fact. Of course the laboring oar was on the defendant to sustain his plea
But the court should have gone further, and told the jury that it was competent for the plaintiffs to waive this stipulation, which was inserted for their benefit; and if they accepted payment from the defendant in pursuance of the terms of the settlement, the law would presume that they had waived the condition precedent.
For the error indicated the judgment is reversed.