## BOLIVER ROBERTS *et al., Respondents, v.* ROBERT WILSON *et al., Appellants.*

EVIDENCE OF LOCAL MINING LAWS.—In order to introduce evidence of the local Mining Laws of a District, it is necessary that it should be made to appear *aliunde* that the copy offered comes from the proper custodian, and that such person was empowered to give certified copies thereof, so as to become evidence, and that such was a copy of the laws in force in such District.

MINING GROUND, HOW HELD.—A party claiming mining ground, not actually possessed and worked, and beyond the *possessio pedis*, must show his right thereto by constructive possession, and he can show such constructive possession only by physical works or monuments, or by the local Mining Laws and rules, and compliance therewith.

CASES APPROVED.—Atwood *v.* Fricot, 17 Cal. 43 ; and English *v.* Johnson, Id.; and Hess *v.* Winder, 30 Cal. 355, referred to and approved.

APPEAL from the First District Court.

The facts appear in the opinion.

*Marshall & Royle,* for Appellants.

*D. Cooper,* for Respondents.

BOREMAN, J., delivered the opinion of the Court:

This is a suit for mining property. The Plaintiffs allege that they were "seized in fee of a certain tract of land and mining claim," fourteen hundred feet long by two hundred feet wide, which they call the "Coresa Lode;" and that being so "seized," the Defendants ejected them from the premises and withhold the possession from them. Defendants in their answer deny that the Plaintiffs were "seized in fee, or otherwise, of the property described in the complaint;" and they allege that they (Defendants) hold under a location, called the "Mountain Tiger," made at a date subsequent to the alleged date of the "Coresa" location, and within the boundaries claimed by the Plaintiffs, but allege that Plaintiffs were never in possession thereof, and that said "Mountain Tiger" is a separate and distinct lode, or vein, from that of the "Coresa," and that being such, the Defendants could hold it, even if within the boundaries claimed by Plaintiffs, the Plaintiffs being, under the Law of 1866, entitled to locate and hold but one lode or vein within the boundaries specified in the complaint. A jury trial was waived, and the Court, having heard the case, gave judgment for the Plaintiffs for the property claimed by them. The Defendants, thereupon, moved for a new trial, which being refused the Defendants appealed to this Court, both from the judgment and the order of the District Court overruling the motion for a new trial.

The Appellants (Defendants below) assign as error the admission in evidence of a paper writing, "Exhibit A," offered by the Plaintiffs, as the local Mining Laws of

Tintic Mining District, where the property in question is alleged to be situate.   In order to introduce the written local Mining Laws of a district, it is necessary that it should appear *aliunde* that the copy comes from the proper repository, and that such party was empowered to give certified copies so as to become evidence, and that such was a copy of the laws prevailing and in force in the District at the required date.   Harvey *v.* Ryan, 42 Cal. 626.

These things have not been, and could not be shown by the certificate attached to the alleged laws.   Nor is there any authority for showing them by affidavit.   This could only be done by express Statute, and no such Statute exists.   In attempting to prove these facts the opposite party is entitled to his right of cross-examination, from which he is cut off, if *ex parte* affidavits are sufficient.   The affidavit does not allege that this paper is an examined copy, or that it is a copy of the originals, or that the originals are in his office.

Nor does it appear either in the certificate or affidavit that the exhibit is a copy of all the laws of the District. English *v.* Johnson, 17 Cal. 115.

None of the requisites having been complied with to make the Exhibit evidence, we are necessarily brought to the conclusion that it was error for the Court to admit it in evidence.

The question then arises, was it such error as requires a reversal of the judgment below?

Injury is presumed from evidence erroneously admitted, unless it manifestly appears that there is no injury. Grimes *v.* Fall, 15 Cal. 63.

It is claimed by Plaintiffs that the introduction of the local laws was not necessary to their case, as the Defendants have, as they allege, admitted Plaintiffs' title, claiming only that the "Mountain Tiger" is a separate and distinct lode or vein.

The Defendants certainly hold that the "Mountain Tiger" is a separate and distinct vein or lode, but do they admit that Plaintiffs had any title to the "Coresa" lode?

The answer says : "Defendants deny that on the —— day of March, A. D. 1870, or at any other day or date, said Plaintiffs were seized in fee, or otherwise, of the said property described in said complaint, or that they were ever on said —— day of March, 1870, or at any other date, seized in fee, or otherwise, or possessed of, or entitled to the possession of, that portion of said premises hereinafter designated and set out as being in the possession of these Defendants at the commencement of this suit." These denials apply first to the whole of the ground claimed, and the more especially to the part occupied by the Defendants. Here we find an express denial of the Plaintiffs title, and there is nowhere to be found in the answer any admission thereof. The only supposed admission arises by inference to the fact that Defendants allege that the "Mountain Tiger" is a separate and distinct lode from the "Coresa" lode. There are, therefore, two questions at issue in this case :

First.  As to the title of Plaintiffs to the "Coresa" lode ; and,

Second.  As to whether these lodes are one and the same, or separate.

In proving Plaintiffs title, was it necessary to introduce the Mining Laws of the District ?

The United States Mining Law of 1866 says, that the public domain shall be open to "exploration and occupation by all citizens," &c., subject however "to the local customs or rules of miners in the several mining districts; so far as the same may not be in conflict with the Laws of the United States."

The Supreme Court of California, in Attwood *v.* Fricot, 17 Cal. 43, says: "Mining claims are held by possession, but this possession is regulated and defined by usage and local conventional rules, and the 'actual possession' which is applied to agricultural lands, and which is understood to be a *possessio pedis*, can scarcely be required in a mining claim in order to give right of action for the invasion of it. The claim must be in some way defined as to limits, of course, before the pos-

session of, or working upon part, gives possession to any more than that part so possessed or worked. But when the claim is defined, and the party enters in pursuance of mining rules and customs, the possession of part is the possession of the entire claim."

The converse of this proposition would require that in proving a claim, if its limits be not defined, and the entry be not in pursuance of the local rules and customs, the possession would give title only to the ground actually worked. And such is the doctrine of English *v.* Johnson, (17 Cal. 115), according to which, if no mining rules are sworn to exist under which the location was made and claimed, the party so claiming could, as against another party not claiming under the mining rules, hold his prior claim if its boundaries be "distinctly defined by physical marks," even without proving the local customs or rules.

The same Court, in afterwards commenting upon the case of English *v.* Johnson, just referred to, says : "While it has been the object and endeavor of the Courts of this State to protect miners in the enjoyment of their mining locations on the public lands, justice and policy at the same time require some practical mode of notifying others of the extent of their claims. What that mode shall be, and what the extent of the mining claim may be, is generally regulated by the miners of the particular locality, whose rules in this respect are adopted as rules of law." And the Court there says further, that in the absence of these local rules, "the boundaries of the land claimed for mining purposes must be indicated by such distinct physical marks or monuments as will fairly advertise to all concerned where, and what it is, or, in other words, *its extent.*"

In that case there being no such physical marks as required, nor any mining rules or customs shown, whereby the locator could extend his possession beyond what he actually worked, that is, beyond the *possesssio pedis,* his rights did not extend beyond that, and he had nothing whereon to base any claim to constructive possession. Hess *v.* Winder, 30 Cal. 355–8.

A party therefore claiming ground not actually possessed and worked; ground beyond the *possessio pedis,* must show his right thereto by constructive possession; and he can show such constructive possession only by physical marks or monuments, or by local laws or rules and his compliance therewith.

In the case at bar, no physical marks or monuments having been shown, it was proposed to show the local mining rules as embraced in "Exhibit A." Without these the Plaintiff could show no rights beyond the ground actually worked. The introduction of the local laws was therefore necessary to the Plaintiffs' case; and if the Plaintiffs believed otherwise, they should have refrained from introducing them; but having introduced them, it would be highly improper for this Court to say there was no injury done thereby, where such does not appear to have been the fact. On the contrary, we think that it clearly appears that there was injury, as without the introduction of these laws the Plaintiffs could not have obtained this judgment.

The Respondents have erroneously concluded that the only question in this case is as to the identity of these two alleged lodes. Were this really the only point, we might say that the judgment of the Court below should not be disturbed. But from what has already been said, it seems that the Court views the case differently.

Let the judgment of the Court below be reversed, and the order overruling Defendants' motion for a new trial be revoked, and a new trial granted in the Court below.

WHITE, C. J., and EMERSON, J., concurred.