[No. 5704.]

## JOHN N. BILLINGS *v.* P. G. EVERETT AND THE CLEAR LAKE WATER WORKS COMPANY.

FAILURE OF CONSIDERATION OF A NOTE.—If E agrees with C, in writing, to give him the right of way across his land to dig a ditch for irrigating purposes, and to give him one and fifty one-hundredth dollars per acre for each acre of his land which can be irrigated from the same, the ditch to be completed by a time fixed, and if not thus completed the agreement to be void, and if E then gives C his note for the amount to be paid for the number of acres to be irrigated, due at the time fixed for the completion of the ditch, with a verbal understanding that the note is not to be paid if the ditch is not completed at the time, then, if the ditch is not completed at the time fixed, there is a failure of consideration for the note, in whole or in part.

FINDING OF FACTS.—If the answer sets up new matter, which, if true, constitutes a defense, the Court must find the facts in relation to the same.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The defendant, The Clear Lake Water Works, was a corporation, and had commenced the excavation of a ditch from Cache Creek for the irrigation of land in Capay Valley. The defendant Everett owned a tract of over one thousand acres of land in the head of the valley, and was desirous of irrigating the same with water to flow in the ditch. The corporation proposed to complete the ditch, and on the 26th of July, 1873, entered into a contract in writing with Everett, by which, in consideration of the construction and completion of the ditch, Everett granted to the corporation a right of way over the land, and agreed to pay it one dollar and fifty cents per acre for each acre that could be irrigated from the ditch, one-half to be due on the 1st day of November, 1873, and the other half on the completion of the ditch to a point where the land could be irrigated. The contract provided that the ditch should be completed on or before the 1st day of December, 1873, and to furnish Everett with water at its regular rates, not to exceed one dollar and thirty-five cents per acre for each crop. If the corporation failed to dig the ditch, the grant of a right of way was forfeited and reverted back, and the money agreed to be paid was not to be payable, and if any of it had been paid it was to be returned. The corporation failed to construct the ditch, and Everett extended the time to June 1st, 1874, and the canal not being then completed, Everett granted a further extension of time until December 5th, 1874, and modified the contract so as to fix the number of acres to be irrigated at one thousand, and the subsidy to be paid at $1500, and made and delivered to the corporation his note for that sum, payable December 5th, 1875, with interest at one per cent. per month. The ditch was not completed December 5th, whereupon Everett extended the time until August 1st, 1875, and took up the old note and gave a new one for the amount of the old note and interest, payable August 1st, 1875, with the understanding that the note should not be paid unless the ditch was completed at the time fixed. The same understanding had existed with regard to the first note. The answer. alleged that the corporation had failed to dig the ditch, and after the note matured had indorsed it to the plaintiff. He brought this action to obtain judgment on the same. The action

was commenced April 20th, 1876. The Court rendered judgment for the plaintiff. The other facts are stated in the opinion.

*John W. Armstrong*, for the Appellant.

The performance was a condition precedent to the right to demand and enforce payment. As the agreement was not performed, there is no right of action on the note. (Civil Code, sec. 1439; *Smith* v. *Brady*, 17 N. Y. 173; *Barron* v. *Frink*, 30 Cal. 488.)

As the consideration for the note was the agreement to construct the canal within the time limited, and as it was never performed, and no part of the work done, nor any part of the contract was done after either of the notes was given, the consideration failed. (*Knight* v. *Knight*, 28 Ga. 165; *Simonton* v. *Steele*, 1 Ala. 357; *Plate* v. *Vega*, 31 Cal. 383; *Bissenger* v. *Guiteman*, 6 Heisk. 277; *Boynton* v. *Twitly*, 53 Ga. 214; *Stacey* v. *Kemp*, 97 Mass. 166; *Harrington* v. *Stratton*, 22 Pick. 510.)

As the note in suit was given in lieu of the first note, and upon the same and no other consideration, it is affected by the same infirmities. (1 Parsons on Notes and Bills, 178; *Hill* v. *Buckminster*, 5 Pick. 391; *Copp* v. *Sawyer*, 6 N. H. 386; *Clark* v. *Didreck*, 31 Md. 153.)

*S. G. Harper*, for the Respondent.

The note must be interpreted by its own terms. If it was a promise to pay on the happening of so uncertain an event as the completion of the canal, then it was not a promissory note.

The note must be interpreted by what appears upon its face. Parol evidence cannot vary its terms. (*Burnett* v. *Stearns*, 33 Cal. 468; *Aud* v. *Magruder*, 10 Cal. 282; *Grey* v. *Bibend*, 41 Cal. 324; *Adler* v. *Freidman*, 16 Cal. 138; *Currier* v. *Clark*, 12 Cal. 170.)

By the COURT:

The answer sets up as a defense an oral agreement made by the defendant with the Clear Lake Water Works at the time when the note in suit was executed, to the effect that the note

should not be paid unless the canal was constructed and completed across the lands of the defendant so that one thousand acres of his land could be irrigated therefrom, before the maturity of the note, and that the water company has failed to complete the canal in accordance with this agreement. If this averment be true, the consideration of the note has failed in whole or in part, and as the plaintiff took the note after maturity, the defense is available as against the note in his hands. The Court below failed to find on this material issue raised by the answer, and no judgment could be properly rendered until there was a finding on that point.

Judgment reversed and cause remanded, with an order to the Court below to find upon said issue on the evidence taken at the trial and on such other evidence as shall be adduced, and thereupon proceed to render judgment. Remittitur forthwith.