NORTH STAR BOOT & SHOE CO. v. STEBBINS *et al.*

1. When a party alleges that there is a variance between the allegations of a pleading and the proof, it will be deemed immaterial, and is to be disregarded unless the adverse party has been actually misled to his prejudice by such variance. That fact must be proved to the satisfaction of the court, and in what respect he has been misled. Section 4934, Comp. Laws.

2. Interest upon a balance of an account cannot be considered as a material variance, even when it is not alleged, as a part of the complaint, nor can the defendant be prejudiced or misled in such an action, because the statute specifically gives to all parties the right to the interest on money improperly withheld from payment.

3. A partner cannot bind the firm of which he is a member, outside of the scope of the business of the firm, but may himself become liable.

(Syllabus by the Court.  Opinion filed Feb. 8, 1893.)

Appeal from circuit court, Lawrence county.  Hon. CHARLES M. THOMAS, Judge.

This case was first decided by this court in an opinion filed May 28, 1891, reported in 2 S. D. 74.  In that opinion the judgment of the lower court was affirmed.  This opinion is upon a rehearing, granted September 15, 1891, and reverses the judgment of the lower court and remands the case for a new trial.

*Edwin Van Cise* and *John R. Wilson*, for appellant.

A partner, being the agent of the partnership and a principal so far as he personally is concerned, makes himself liable when he fails to bind the others.  Parson, Part. 178; Bates, Part. §§ 379, 421; Silvers v. Foster, 9 Kan. 56; Harrington v. Higham, 15 Barb. 526; The N. Y. Banks' App., 36 Pa. St. 458; Meech v. Smith, 7 Wend. 315; Layng v. Stewart, 1 Watts & S. 222; Brumskill v. James, 11 N. Y. 294; Claflin v. Butterfly, 2 Abb. 446; McIntosh v. Ensign, 28 N. Y. 169; Merrifield v. Cooley, 4 How. Pr. 272; Lewis v. Clarkin, 18 Cal. 400; Miles v. Van Deyn, 6 N. W. 417; Crews v. Lackland, 67 Mo. 619; Wiggins v. Lewis, 12 Cush. 486.

A joint demurrer bad as to one defendant is bad as to all. Webster v. Tibbitts, 19 Wis. 438; McGomgal v. Colter, 32 Wis. 614; Estep v. Burke, 19 Ind. 87; Teter v. Hindres, *Id.* 93; Everhardt v. Hollingsworth, *Id.* 135; Bennett v. Preston, 17 Ind. 291; Wilkerson v. Ruch, 57 Ind. 172; Faverate v. State, 23 N. E. 271; Dunn v. Gibson, 4 N. W. 244; Missouri Valley v. Bushnell, 8 N. W. 389; Clark v. Lovering, 33 N. W. 776; Walker v. Papper, 2 Mich. 96; People v. Mayer, 28 Barb. 240. A demurrer to an entire pleading containing separate causes of action or defense, some of which are good, although others may not be, must be overruled. Whiting v. Heslep, 4 Cal. 327; Weaver v. Conger, 10 Cal. 234; Lucas v. San Francisco, 7 Cal. 463; Griffiths v. Henderson, 49 Cal. 567; Downs v. McComles, 16 Ind. 211; Brown v. Gooden, *Id.* 444; Webb v. Bowlenz, 15 Ind. 242; Washington v. Bonhey, 45 Ind. 77; Dan v. Lilley, 11 Iowa, 4; Edmonds v. Cochvaur, 12 Iowa, 488; Hobert v. Railroad, 38 Iowa, 315; Curtis v. Moore, 15 Wis. 134; Board v. Long, 8 Pac. 923; Fleming v. Albeck, 7 Pac. 659; Pfister v. Wade, 10 Pac. 369; Bank v. Nathan, 9 N. W. 626; Town v. Village, 30 N. W. 672; City v. Milner, 20 N. E. 235; Lowe v. Burke, 3 S. E. 449; McKeigham v. Hopkins, 26 N. W. 614; Bacon v. Johnson, 22 N. W. 276.

*Marlin & Mason,* for respondent.

Bennett, P. J. This cause was originally heard at October term, 1890, and an opinion was rendered May 28, 1891, which is reported in 2 S. D. 74, 48 N. W. Rep. 833. A petition for a rehearing was granted at the April term, 1892. The ground upon which the rehearing is based is: "If Fox, one of the partners, had no authority to bind the partnership could he escape individual liability under the facts as disclosed by the evidence?" An examination of the opinion shows that no consideration was given this proposition, although it was raised by the appellants. But the theory of the opinion rests, and the decision is based, upon the want of authority of a cashier of a banking institution, or a partner in a general partnership, to bind the bank or partnership in transactions arising outside of the general scope and business design of the bank or partnership. This action was brought against the firm of Stebbins, Mund & Fox, which partnership was a general one, and formed for the purpose of carrying on the general

business of banking, in various places. The complaint alleges that the plaintiff sold a certain bill of boots and shoes to this banking firm, the sale being effected through the cashier of the firm, without the knowledge, consent or ratification of the members of the firm. We held that the purchase of boots and shoes as merchandise was not a transaction which legitimately belonged to the business of banking, and that any such transaction made by a cashier would not bind the banking firm, nor could they be held liable for the value of the goods so sold. Upon this proposition the appellants do not seriously disagree with the court, but they strenuously contend that by his own acts and words Mr. Fox, one of the partners, was made individually liable, and that under the evidence adduced the question should have been submitted to the jury under proper instructions. The respondents contend that Fox is not liable individually—First, because the complaint alleges a contract for purchase, and the proofs show a contract for interest only; and, secondly, because the individual liability, if any, of the partner in question, would be for a breach of an implied warranty upon his part that he was authorized to bind the firm, and not upon the contract of sale unsuccessfully attempted to be made by him, and set up in the complaint.

As to the first point contended for by respondents,—that of variance between the allegations of the complaint and the proof, —we would say a variance at common law was as fatal to the party on whom the proof devolved as a total failure of evidence. The English courts formerly were exceedingly technical upon the subject of variance. But the practice in later years, under the liberalizing ideas of modern times, has changed this, and now those courts are exceedingly liberal in this respect, and amendments are allowed to be made to the pleadings at all times during the trial, to conform to the proof, and, if objection is not made upon this ground at the proper time, it is considered waived. Steph. Pl. 85, 86. To obviate the strictness of the old common law, the Code provides that no variance between the allegations in the pleading and the proof is to be deemed material unless it shall have actually misled the adverse party, to his prejudice, in

maintaining his action or defense on its merits.   Whenever it is alleged that a party has been misled, that fact must be proved to the satisfaction of the court; and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just. Whenever the variance is not material the court may direct the fact to be found according to the evidence, and may order an immediate amendment to the pleading.   Comp. Laws, §§ 4934, 4935; Brace v. Doble, (S. D.) 53 N. W. Rep. 859; Owen v. Phillips, 73 Ind. 284; Insurance Co. v. Hinesley, 75 Ind. 1.   Several state have similar provisions in their statutes, and the courts of those states have construed them.   A reference to some of these decisions may not be unprofitable.   It will be sufficient if the substance of the issue is proved.   The plaintiff need not prove his cause of action literally, and it will be sufficient if the proof establishes a cause of action within the complaint.   Moore v. Lake Co., 58 N. H. 254.   When it is claimed that the variance is material, it must be made to appear that it was such as to surprise or mislead the adverse party, and the burden of proof is upon the party claiming to have been misled.   Catlin v. Gunter, 11 N. Y. 368; Ely v. Porter, 58 Mo. 158; Meyer v. Chambers, 68 Mo. 626; Bank v. Wills, 79 Mo. 275; Dodd v. Denny, 6 Or. 156.   In some cases it may appear upon the face of the pleadings themselves that the variance is material, but in many cases the matter is to be determined by proof *aliunde,*  as to whether the party has been misled to his prejudice. Catlin v. Gunter, 11 N. Y. 368; Sharp v. Mayor, etc., 40 Barb. 270. Objections on the ground of variance must be taken at the time, or they will be waived.   Speer v. Bishop, 24 Ohio St. 598; Sibila v. Bahney, 34 Ohio St. 399; Nelson v. Thompson, 23 Minn. 508; Singer v. Given, 61 Iowa, 93, 15 N. W. Rep. 858; Tyng v. Warehouse Co., 58 N. Y. 308; Chamblee v. McKenzie, 31 Ark. 155; Bell v. Knowles, 45 Cal. 193.   A variance which is not material, and has not misled the adverse party to his prejudice, is to be disregarded. Plate v. Vega, 31 Cal. 383; Began v. O'Reilly, 32 Cal. 11; Hauck v. Craighead, 4 Hun, 561; Hedrick v. Osborne, 99 Ind. 143.

These are doubtless sufficient to show the adjudications upon this section in relation to the question of variance between the

proof and the pleading. Now let us apply them to the case at bar.

The respondents contend that the theory of the complaint is that it is a cause of action based upon a balance of an account for goods, wares, and merchandise as alleged in the complaint, while the proofs show that the entire balance sued for consists of interest only; consequently the variance is material, and to his surprise, and misleading. The question of interest on an account is incidental to it, and would be a part of it if it arose from the contract of the parties, or they were entitled to it under statutory regulations; or if it arose as an element of the measure of damages for the breach of the obligation. The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon. Comp. Laws, § 4582. Interest is the only compensation allowed a party who has been delayed in the payment of money when due from another. The actual loss occasioned may be much greater than the interest, but the consequences beyond that the law does not inquire into. Sedg. Dam. 8. It would, indeed, often be impossible to determine the actual damages resulting from the detention of money. The party entitled to it may in consequence have been compelled to borrow on ruinous rates of interest; he may have become embarrassed in his business operations, ruined in credit, and perhaps drawn into insolvency; but of these possible consequences the courts cannot take notice. Heyman v. Landers, 12 Cal, 11; Lally v. Wise, 28 Cal. 543. In this state the statute provides that interest shall be the measure of the damages resulting from the detention of money, and it becomes an essential factor in determining the rights of parties in all causes of action grounded upon payment of money. As such, it cannot be a material variance, even when it is not alleged as a part of the complaint, nor can the defendant be necessarily prejudiced or misled in such an action, because the statute specifically gives to all parties the right to the interest on money improperly withheld from payment. By reference to the complaint it will be seen that this action is for a balance due upon goods, wares, and merchandise sold and received. The balance may be made up

from the interest due for the nonpayment of the money when each bill of goods sold was due, as well as upon the stipulated price or value of the goods. The terms of the contract may have been that certain classes of the goods sold should have been paid for in money at the end of 30 days, and of other lines of goods in 60 or 90 days, or six months; upon the expiration of these various terms the appellant was entitled to this money. If not so paid, under the provisions of the Code above referred to, interest was then due. As Judge Davis said, in the case of Young v. Godbe, 15 Wall. 565: "If a debt ought to be paid at a particular time, and it is not, owing to the default of the debtor, the creditor is entitled to interest from that time by way of compensation for the delay in payment. * * * If there be no statute on the subject, interest will be allowed by way of damages for unreasonably withholding payment of an overdue account." By a further reference to the abstract it will be seen that the respondents made no objection to the variance now complained of. Not having done so at the proper time, it must be considered as waived.

The second proposition of respondents is, can a partner who attempts, without authority, to bind the firm upon an account for goods sold, be held individually liable upon that account, or is his liability upon an implied warranty of his authority? In other words, does the cause of action arise upon the sale of the goods, or should the cause of action be based upon damages resulting from the want of authority to bind the firm? Upon the trial of the cause, a Mr. Mansfield's deposition was read. He was the salesman of the plaintiff, and sold the goods in controversy. In his deposition he testified as follows: "That a few days after the 5th, 8th and 11th days of December, 1885, and before some of the goods were shipped, Alvin Fox, one of the defendants, called myself (Mansfield) and Mr. Sedall into his office, in Deadwood, and objected to continuing longer buying goods from plaintiff for the purpose of furnishing them to Sedall; that said Fox admitted the liability of defendants; that said Fox admitted the liability of defendants for the goods already shipped to them under the arrangement hereinbefore described. I then told said Fox that I had just sent in a new order, and, if he did not care to continue the account

longer with plaintiff, that I could telegraph them not to fill the order, and I told him the order amounted to something like twenty-five hundred dollars. I also told said Fox that the plaintiff at present would not sell Sedall goods, but that, if said Sedall continued to do well, I would ask plaintiff to open an account with him. After some further conversation, said Fox told me not to countermand said order just sent in, but to ship the same to defendants under the same arrangement as I had made with Clary, and that defendants would pay for said goods." This evidence was not contradicted, and is the basis of the alleged liability of Fox. At common law, when an action was brought upon a joint contract or joint liability, the general rule was that there could be no judgment except in favor of or against all the defendants. The exceptions to the rule were a discharge in bankruptcy, or that one of the defendants was incapable of binding himself because of lunacy, infancy, etc. The Code, however, has changed the common-law rule, and authorizes a judgment against such obligors or contractors as have been served with summons. Comp. Laws, § 5096. For an able opinion construing this section and other sections of the Compiled Laws of California, which have some connection with it, and which are *verbatim* like our own, we cite the case of Rowe v. Chandler, 1 Cal. 168. See, also, Lewis v. Clarkin, 18 Cal. 400. The conclusion of the California supreme court in the above cases is that, when an action is brought against two or more persons jointly, judgment may be rendered in favor of the plaintiff against one or more of the defendants, and in favor of one or more of the defendants against the plaintiff. However, this conclusion is not seriously disputed by the respondents. But they contend this principle does not apply to individual partners of a general partnership. Bates, in his recent work on Partnership, says, (section 1094:) "When several persons are sued as partners, and part only are proved to be liable, or authorized the contract, or are found to be partners, it is now nearly everywhere the rule that, in actions on contract as well as in tort, judgment may be rendered against them, and for the others." In the case of Claflin v. Butterly, 2 Abb. Pr. 446, while construing section 274 of the New York Code,—which is

*verbatim* with section 5096 of our own,—which provides that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, the court said: "This language is broad enough to admit of a judgment being recovered against one or two persons sued as partners, and of a judgment being rendered in the same action against the plaintiffs in favor of the other defendants. The codifiers, in the note to this section, and which was reported with it to the legislature, referred to the rules in actions at law above stated, and suggested that this section was designed, among other purposes, to abrogate those rules, and allow a judgment to be taken in favor of the plaintiffs shown to be entitled to recover, and against the defendants shown to be liable. The legislature passed this section, with this avowal of the intent with which it was drawn well known to it. It is not unreasonable to infer that they passed it to enable that intent to be realized. In this case, although the contract on its face is the contract of a firm, and although all the members of the firm are prosecuted as being the parties who made it, yet the pleading and proofs show that in legal effect it is the contract of one of the members of the firm only, and a recovery is had accordingly." To the same effect we cite Brumskill v. James, 11 N. Y. 294. This action was on a note made in the co-partnership name of Eaglesum & Co., and was brought against James and Eliza Eaglesum as being the persons composing the firm. It appearing that only one of them was liable, judgment was rendered against this partner, and in favor of the other. See, also, Miles v. Von Deyn, (Minn.) 6 N. W. Rep. 417; Crews v. Lackland, 67 Mo. 619; Wiggin v. Lewis, 12 Cush. 486. It will thus be seen that while the liability of partners is joint, when they are sued, and a judgment is rendered, the liability becomes several against such as have been served; and it evidently shows that this intent was in view when the legislature enacted section 5096, Comp. Laws.

But respondents further contend that this section is controlled and limited by section 4901, and that the term "several defendants" in that section refers to a case of several liability,—not "joint defendants." Upon this point we cannot agree with coun-

sel and think the reasoning of the court in the cases above cited is conclusive upon this point. If there was any evidence tending to hold defendant liable in this action, then the court erred in granting the motion of defendants' counsel, and taking the case from the jury. To determine this it will be necessary to review the testimony, and the extract from the deposition of Mansfield above quoted, which was not altered or weakened by either cross-examination, or the testimony of other witnesses. This tended to show that he was liable, and to this extent the court below erred in directing a verdict in his favor; and this evidence should have been submitted to the jury. Admitting the fact of Fox's liability, then the respondents contend that the court should have directed a verdict for the defendants Stebbins and Mund simply, and given the case to the jury as to the remaining defendant, Fox, and that a failure to do this is only error as to Fox, and the judgment should be reversed only to the extent of allowing a new trial as to Fox's liability. We are of the opinion that an affirmance as to Stebbins and Mund, and a reversal and new trial as to Fox, would, in view of the nature of the pleadings, have a tendency to work an injustice to him. The defendant Fox was joined in the pleading with the other defendants, and the case having been treated in the court below upon the theory of the joint liability of all, this theory may upon a separate trial be changed, and the defendants separately answer, and the facts may be more fully developed upon a new trial. We shall for the error, which was overlooked in our former investigation, reverse the judgment, and order a new trial as to all the defendants. All the judges concur.