DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF WYOMING.

OCTOBER TERM 1893.

RAINSFORD v. MASSENGALE ET AL.

PARTNERSHIP — ESTOPPEL — PLEADINGS — EVIDENCE — VARIANCE — PRACTICE.

1. There is no variance between a petition which alleges that defendant is a member of a certain partnership, and a reply which charges that defendant is estopped from denying the same by reason of his representations.

2. The name of the firm being pleaded as Adams, Choate & Co. and the representations of defendant as proven being that he was acting for Rainsford, Adams Choate & Co., did not constitute a variance between pleading and proof.

3. If it had amounted to a material variance, the adverse party should have shown that he was actually misled to his prejudice; thereupon, the court could have ordered the pleadings amended upon just terms. In the absence of such proof, the variance is to be deemed immaterial.

4. The verdict of a jury or finding of a court on a question of fact should not be set aside unless the same is not sustained by sufficient evidence or is clearly against the weight of the evidence.

1

5.  It was not error to exclude testimony offered by defendant to show that he was reimbursed for an advance of money made by him upon a purchase of horses, in an action upon a note signed by him in a firm name for the balance of the price, he having represented himself, and the payees understanding, that he was a member of the firm.

[Commenced in District Court April 14, 1890—Decided February 15, 1894—Re-hearing denied July 25, 1894.]

ERROR to District Court for Laramie County, HON. RICHARD H. SCOTT, Judge.

Action by John Massengale and James Ross, co-partners as Massengale & Ross, against Thomas B. Adams, Edward C. Choate, Minerva M. Peters and George D. Rainsford, as co-partners under the firm name of Adams, Choate & Co., upon a promissory note given for the balance of the purchase price for certain horses.   The note was as follows:

"We, Adams, Choate & Co., of Nebraska, do hereby promise to pay to Massengale & Ross, of Wyoming, the sum of $1,100 (eleven hundred dollars), within ninety (90) days from date, with interest from date at the rate of 10 per cent. per year.
                    "ADAMS, CHOATE & CO.,
                          "Per GEO. D. RAINSFORD."

The petition alleged it to have been made, executed and delivered to the plaintiffs by the defendants, alleging that said defendants were co-partners together under the firm name and style of "Adams, Choate & Co."   George D. Rainsford, who was alleged to be one of the co-partners, answered the petition, denying that he was a member, or that he ever had been a member, of the firm of "Adams, Choate & Co." Plaintiffs then filed a reply, alleging that Rainsford was estopped from denying that he was a member of said co-partnership, for the reason that he had represented to the plaintiffs that he was.

The evidence on part of the defendant showed that the note was given for the balance due on the purchase price of certain horses which Massengale & Ross, at the time, sold to "Adams,

Choate & Co.," and which were being purchased at that time by George D. Rainsford. The co-partners of the firm of "Adams, Choate & Co." were shown to be Thomas B. Adams, Edward C. Choate and Minerva M. Peters. It was not shown that Rainsford was a member of the firm. The evidence on behalf of Rainsford was to the effect that he never was a member of the firm, and that he had no connection whatever with it except that he was requested by the firm to purchase a car load of horses for them.

Plaintiff's witnesses testified that when the horses were being selected Rainsford said that he was buying them for "Rainsford, Adams, Choate & Co." Judgment was rendered for plaintiffs for the balance due on the note, $930.74, against all the defendants including Rainsford.

*Potter & Burke,* and *W. R. Stoll,* for plaintiff in error.

The proof did not establish any representation such as alleged, viz.: that Rainsford was a member of the particular firm whose name was signed to the note. The representation that he was buying the horses for a certain firm could not amount to a representation that he was a member of that firm. That was the extent of the proof of representation. There was a fatal variance. 1 Chitty on Pleadings, 307; 2 Rice on Evidence, Chap. XVI; 2 Thompson on Trials, Secs. 2251-2261; Connolly v. Cottle, 1 Ill. (Breese), 365; Ball v. Strohecker, 2 Spears (S. C.), 305; Ulrich et al. v. Ragan, 11 Ala., 529; Boren et al. v. State Bank, 8 Ark., 500; Hall v. Bennett, 2 Greene (Iowa), 466; Cotes v. Campbell, 3 Cal., 192; Fant v. Gadberry, 5 Rich (S. C.), 10; Morrison v. Bradley, 5 Cal., 503; Spangler v. Hugh, 21 Ill., 84; Rives v. Marrs, 25 Ill., 277; Jones v. Louderman, 39 Mo., 288; Gossom v. Badgett, 6 Bush. (Ky.), 97; Dean v. Yates, 22 O. S., 397; Christian College v. Hendley, 49 Cal., 347; Proctor v. Rief, 52 Ia., 592; Wharton v. King, 69 Ala., 365; Washington v. Timberlake, 74 Ala., 259; Stewart v. Gordon, 65 Tex., 344; McGregor v. Fuller Imp. Co., 72 Ia., 143; Dennis v. Spencer, 45 Minn., 250; 47 N. W., 795; Stokes v. Brown, 20 Or., 530.

It was error to exclude evidence of the firm's reimbursement

to Rainsford of the advance payment. Any circumstance connected with the transaction is admissible which tends to confirm or dispute any proposition involved in the main transaction. Where there is a conflict of testimony either party may prove any fact bearing on the probabilities of the case. (Chester v. Dickinson, 54 N. Y., 11; Thorn v. Helmer, 4 Abb., C. A. D., 408-411; 2 Keys, 27-30; Armstrong v. People, 70 N. Y., 43; Bronner v. Frauenthal, 37 N. Y., 166; Moors v. Meacham, 10 N. Y., 207; Harris v. Wade, 61 N. Y., 630; Waddle v. Elmerdorf, 10 N. Y., 170; Bean v. Tounele, 94 N. Y., 381; People v. Sherman, 103 N. Y., 513; Upton v. Winchester, 106 Mass., 330; Knallakans v. Beck, 47 Hun., 117; Cornell v. Markham, 19 Hun., 275; Parker v. Coburn, 92 Mass., 82; Smidt v. Schauzlin, 21 J. & Spencer, 498; Stone v. Hubbardston, 100 Mass., 49; Holyoke P. Co. v. Conklin, 2 Allen, 326; Pontius v. People, 82 N. Y., 340; Dyer v. Brown, 52 Hun., 321; Nichols v. Van Valkenburgh, 15 id., 230; Bank v. Hyland, 53 id., 108.

*Lacey & Van Devanter*, for defendants in error.

Rainsford was estopped to deny that he was a member of the firm. 2 Pomeroy's Equity Jurisprudence, Sec. 805, and note; Marvel v. Ortlip, 3 Del. Ch., 9; Merchants' Bank v. State Bank, 10 Wall., 604-645; Morgan v. Railroad Company, 96 U. S., 716-720; Hartje v. Vulcanized Fiber Co., 44 Fed., 648; Schapback v. Long, 8 Southern (Ala.), 113; Baird v. Vaugh, 15 S. W. (Tenn.), 734; Combs v. Sullivan Co., 16 S. W. (Mo.), 916.

If there was conflict in the testimony the appellate court will not review it. (1 Wyo., 17; id., 336; id., 352; id., 396; 2 Wyo., 113; id., 271; id., 493; 3 Wyo., 57; id., 164.) If there was any variance it was not a material one. (Rev. Stat., Secs. 2642, 2643, 2644; Newhall, Etc., Co. v. Ry. Co., 47 Wis., 516; Marschentz v. Wright, 50 id., 175; Flanders v. Cottrell, 36 id., 564; Catlin v. Hunter, 11 N. Y., 368; Stokes v. Brown, 20 Or., 530; Place v. Minster 65 N. Y., 89; Steinke v. Bentley (Ind.), 34 N. E., 97; Benninger v. Hess, 41 O. St., 64; Jenkins v. Barrows, 73 Ia., 438; Kurtz v. Forquer, 94 Cal.,

91; Belknap v. Sealy, 14 N. Y., 143; Johnston v. Clark, 30 Minn., 308; Russell v. Loomis, 43 Wis., 545; Fox, Etc., Ry. Co. v. Shoyer, 7 id., 365; Graves v. State, 121 Ind., 357; Ashton v. Shepard, 120 id., 69; Farley v. Eller, 29 id., 322; Zabriski v. Smith, 13 N. Y., 322; Tyng v. Commercial, Etc., Co., 58 id., 308; U. S. v. Purdy, 38 Fed., 902; Zeininger v. Schnitzler, 48 Kan., 63-66). As the evidence was admitted without objection, and variance was first claimed on motion for new trial, no advantage can now be taken of it. (Williams v. Ins. Co., 57 N. Y., 274; Fallon v. Lawler, 102 id., 228; Bell v. Knowles, 45 Cal., 193; Carpenter v. Ewing, 76 id., 487; Roberts v. Graham, 6 Wall., 578; Johnson v. Avery, 41 Minn., 485; Yik Hon v. Spring Valley, Etc., 65 Cal., 619; Mosher v. Lawrence, 4 Denio, 421; Lawrence v. Barker, 5 Wend., 305; Weed v. Saratoga, Etc., Co., 19 id., 534; Knapp v. Simon, 96 N. Y., 284; Ins. Co. v. Gunter, 116 U. S., 113.) The only test of materiality is the proof that the adverse party has been misled. (Turner v. Ry. Co., 51 Mo., 501; Fisher v. Max, 49 id., 404; Clements v. Mahoney, 55 id., 553; Wells v. Sharp, 57 id., 158; Eli v. Potter, 58 id., 158.)

GROESBECK, CHIEF JUSTICE.

This is an action to recover a sum due on a certain promissory note executed and delivered by Adams, Choate & Co., "per Geo. D. Rainsford." Thomas B. Adams, Edward C. Choate, Minerva M. Peters and George D. Rainsford were sued as copartners doing business together under the firm name and style of Adams, Choate & Company. George D. Rainsford alone of the defendants answered, although it appears all were served with the process of the court. The other defendants were in default. Rainsford in his separate answer denies his liability and alleges that he was never a member of said copartnership. To this answer the plaintiffs in the original action, defendants in error here, replied alleging that Rainsford executed and delivered the note as a member of the co-partnership of Adams, Choate & Company, and at the time of the execution and delivery represented that he was a member of said firm, and that he had full power to execute said note on

the part of said firm, and that the plaintiffs, Massengale and Ross, relied upon said representations, believed them to be true, and accepted the note as that of said Adams, Choate, Peters and Rainsford, by their firm name and style of Adams, Choate & Company. The reply pleads specially the estoppel caused by the representations and actions of Rainsford, and asserts that he ought not to be heard to deny that he is a member of the co-partnership. Upon these issues a trial was had in the district court for Laramie county, by the court, sitting as a jury, a jury trial having been waived, and upon the issues presented by the pleadings and the evidence adduced, the court found for the plaintiffs against all of the defendants, including Rainsford, and rendered judgment accordingly. Rainsford alone prosecutes error, as the other defendants were in default in the trial court and do not appear here.

The grounds of error will be treated of separately.

1. It is claimed as error that there is a fatal variance between the allegations of the petition and reply of plaintiffs and the proofs and testimony adduced on the trial of the case in behalf of the plaintiffs which amounted to a total failure of proof. We do not see that there is any inconsistency or variance between the petition and the reply of the plaintiffs. They assumed in their petition that Rainsford was a member of the co-partnership and charged therein that he was. He denies this allegation in his separate answer, and in reply thereto, the plaintiffs allege that he represented himself to be a member of the co-partnership of Adams, Choate & Co., that they relied upon such representations, believed them to be true, and accepted the note as that of all of the defendants, including Rainsford, who executed and delivered the note personally as a member of said firm. The plaintiffs, in their reply specially plead an estoppel on the part of Rainsford, that he ought not to be heard to deny that he was a member of said firm. So far as the pleadings go, the allegation in the petition and reply of the plaintiffs do not seem inconsistent. The plaintiffs may not have known the fact that Rainsford was not a member of the co-partnership, and therefore

charged in their petition that he was one of the co-partner-
ship sued. Upon the advent of the answer denying his con-
nection with the partnership, they had the right to plead the
facts stated in their reply, as estoppel, in order to charge him
individually. But it is further asserted as error that there is
a variance between the pleadings and the proofs adduced by
the plaintiffs, "which amounted to a total failure of proof."
The evidence introduced on the part of the plaintiffs shows
that the note sued on was a portion of the purchase price of a
band of horses, the residue of the consideration being a per-
sonal cheque of Rainsford for $400.00. Massengale, one of the
plaintiff co-partners, testified: "Mr. Rainsford just stated to
"me that he was buying those horses and that he was not buy-
"ing them for Rainsford & Palmer, he was buying them for
"Rainsford, Adams, Choate & Company. I asked him who the
"firm was, and he told me, I suppose, and he asked me whether
"I would let him have the horses on a credit for ninety days,
"that he would pay one-fourth of the money down. I told
"Mr. Rainsford I would let him have the horses so far as that
"was concerned, that his reputation was good in our country
"for anything he wanted, and that I would let him have the
"horses if he wanted them, or he could have half the herd on
"credit as he was one of the members of the firm." And again:
"Yes, I asked him who the firm was, and he told me Rainsford,
"Adams, Choate & Company. I knew nothing about Adams,
"Choate, but Mr. Rainsford, I knew him, and his reputation
"was very good so far as financial matters were concerned, as
"he was considered a pretty good man and he could have had
"all the horses I had, if he had wanted them."

This testimony was corroborated by other witnesses for the
plaintiffs. The note accepted by the plaintiffs was drawn and
signed by Rainsford, the signature being "Adams, Choate &
Co., pr. Geo. D. Rainsford." Massengale testifies that he was
not a well educated man, and being called away when the note
was being executed, requested one Reed, who was present, and
who testified in the case, "to notice the note."

The variance and the failure of proof claimed by plaintiff
in error are based upon these statements. Adams, Choate &

Company are sued and it is clear that as the note was exe-
cuted by such a co-partnership, none other could have been
sued for the sum due on the note. The proof on the part of
plaintiffs is that Rainsford represented that the firm was
"Rainsford," Adams, Choate & Company, and that he was the
head of the firm. We do not deem this a material variance.
The gist of the actions and representations of Rainsford
whereby he became liable, as detailed by the witnesses for the
plaintiffs, was that he was a member of the co-partnership
purchasing the horses and executing the note. The variance
between his statements detailed by the witnesses for plaintiffs,
anterior to the execution of the note and his signing of the
note, thereafter, are immaterial. The contention of the plain-
tiffs, when confronted with the answer of defendant Rainsford,
is that he obtained the property by reason of his representa-
tions, which they believed and acted upon, and by reason of
those actions, he was estopped by his conduct from denying
that he was a member of the co-partnership. It is conceded
that he was never a member of the co-partnership of Adams,
Choate & Company, but his liability does not arise from this
fact, but from his alleged representations, the trust reposed
in them and the acceptance of the note, with the understand-
ing that he was one of the debtors. Massengale appears from
his testimony and that of the witnesses for the plaintiffs to
have been extremely solicitous to ascertain if Rainsford was
interested in and liable for the unpaid purchase money of the
horses. From the testimony on behalf of plaintiffs it is clear
that the credit was extended to Rainsford and the actual mem-
bers of the co-partnership of Adams, Choate & Company. We
do not think that there was a failure of proof of the allega-
tions in the reply. Neither do we consider it a material va-
riance. If it was, the adverse party should have shown that
he was actually misled to his prejudice, and that fact should
have been proved to the satisfaction of the court; thereupon
the court might have ordered the pleadings amended upon
just terms. Sec. 2643, R. S., Wyo., Code of Civ. Proc., Sec.
302. In the absence of such proof, the variance is to be
deemed immaterial. Catlin v. Gunter, 11 N. Y., 368; Place

v. Minster, 65 N. Y., 89; Newhall-House Stock Company v. Flint, Etc., Railway Co., 47 Wis., 516; Marscheutz v. Wright, 50 Id., 175; Flanders v. Cottrel, 36 Id., 564; U. S. v. Purdy, 38 Fed., 902; Merkle v. Twp. of Bennington, 68 Mich., 133, 35 N. W., 846; Passenger Conductor's Life Ins. Co. v. Birnbaum, 116 Pa. St., 565, 11 Atl., 378; Niebuhr v. Schreyer, 135 N. Y., 614; State Ins. Co. v. Schenck, 27 Nebr., 527, 34 N. W., 340; O'Connor v. Delaney, 53 Minn., 247; Kurtz v. Forquer, 94 Cal., 91; Brace v. Doble, 3 S. Dak., 416; Rice on Evidence, Ch. 16.

It hardly seems as if there was a variance between the pleadings and the proof. If immaterial, it may be disregarded here, and if material, the adverse party should have shown that he was misled by it to his prejudice, by evidence aliunde in the court below.

2. Error is also predicated on the ground that the findings of the court were not sustained by sufficient evidence in this, that the plaintiffs failed to make out their case by a preponderance of evidence.

There was sufficient evidence on behalf of the plaintiffs below to sustain the findings of the court for them. The evidence taken as a whole was conflicting, but the trial court sitting as a jury balanced the testimony and found for the plaintiffs. We cannot set aside the verdict of a jury nor the finding of a court on a question of fact, unless the verdict or finding be not sustained by sufficient evidence or is clearly against the weight of evidence. The trial court or the jury has peculiar advantages not possessed by a reviewing court for determining the truth of the testimony of a witness, from his demeanor and manner of testifying. These important factors in testing the truthfulness of the narrative of a witness are missing in the cold words of the record in the appelate court. No court with the record alone, and unable to travel these avenues of sight and sound, which can only be traversed in a trial court where the witnesses are present, would attempt to decide a nicely balanced case, which has been once determined with the aid of these means for testing the credibility of each witness. The matter is settled beyond cavil by

repeated decisions of this court.    Telegraph Co. v. Monseau, 1 Wyo., 17;  Bank v. Dayton, Id., 336;  Byrne v. Myers, Id., 352;  Hilliard Flume Co. v. Woods, Id., 396;  Fein v. Tonn, 2 Id., 113;  Garbanati v. Hinton, Id., 271;  Edwards v. O'Brien, Id., 493;  O'Brien v. Fogelsong, 3 Id., 57;  Ketchum v. Davis, Id., 164.

3.   The third ground of error is that the court erred in excluding the proffered testimony of Rainsford and Hay which would have shown that defendant Rainsford was reimbursed for the $400.00 which he advanced by his personal cheque at the time of the execution of the note sued on.    This evidence would have been immaterial.    That Rainsford was never a member of the partnership is conceded.   The rejected evidence would have been merely upon this point, as showing that he was reimbursed for his advances.   His liability does not arise from the fact of making the cash payment advanced by his personal cheque on account of the purchase of the horses, and the subsequent repayment to him by Adams, Choate & Company of that amount was not material to the issues.

The judgment of the district court for Laramie County must be affirmed.

CONAWAY, and CLARK, JJ., concur.

---

## ON REHEARING.

GROESBECK, CHIEF JUSTICE,

The petition for rehearing accompanied by the brief of counsel for plaintiff in error was submitted without argument. We see no reasons for changing the views expressed in the opinion in the case, and the motion for a rehearing is therefore denied.

CONAWAY, and CLARK, JJ., concur.