[No. 3832. Decided September 2, 1902.]

# W. L. DUDLEY, *Respondent,* v. C. R. DUVAL *et al., Appellants.*

PLEADING—BILL OF PARTICULARS—IMPROPER JOINDER OF CAUSES.

The objection that a bill of particulars filed by plaintiff amplifies the claim set up in his complaint into two causes of action improperly united, would not render the complaint itself demurrable on the ground of improper joinder, since a bill of particulars is not a pleading and is not a part of the complaint except to the extent of restricting the proof to the matters therein specified.

SAME—DEPARTURE.

The fact that a bill of particulars presents a case different from the complaint does not constitute a departure in pleading.

SAME—JOINDER OF CAUSES OF ACTION.

Under Bal. Code, § 4942, which permits several causes of action to be united when they all arise out of contract, an action on a contract for services and one upon a guaranty may be united in the same action.

PAROL EVIDENCE—PROOF OF GUARANTY.

Where a guaranty to answer for the debt of another had been executed, parol evidence was admissible to prove the existence of the contract.

ACTION ON CONTRACT FOR SERVICES—PROOF OF GUARANTY—VARIANCE.

Where a complaint alleged the indebtedness of defendants to plaintiff in a certain sum for services rendered, proof that some of the defendants guarantied the pre-existing indebtedness of another defendant, which they promised to pay, together with additional compensation, if plaintiff would continue in the employ of all the defendants for a stipulated period, constitutes at most but an immaterial variance, in the absence of a showing that the adverse party was misled thereby.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*R. C. Strudwick* and *W. A. Peters,* for appellants.

*John E. Humphries* and *Harrison Bostwick,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This was an action to recover the amount alleged to be due plaintiff from the defendants for services rendered by the former for the latter. The cause of action, as stated in the complaint, is as follows:

"4.    That the defendants are indebted to the plaintiff in the sum of seven hundred and eighty-four and 15-100 dollars ($784.15) for services rendered by the plaintiff for the defendants, at the special instance and request of the defendants, for which the defendants each agreed to pay the plaintiff.

"5.    That the said sum of seven hundred and eighty-four and 15-100 dollars is now due from the defendants to the plaintiff, and is wholly unpaid."

The defendants interposed no motion to require the plaintiff to make his complaint more definite and certain, but it seems to be conceded that the defendants Duval and Fitch did demand a bill of particulars of the plaintiff's claim. In response to this demand the plaintiff made a statement in writing, which was filed in the cause, to the effect that the plaintiff had been in the employ of the Blue Star Navigation Company for some time prior to June 7, 1899, for which there was due him and unpaid the sum of $284.15; that on said 7th day of June, 1899, the defendants Duval and Fitch each separately agreed orally with the plaintiff that if the plaintiff would remain in Seattle and act as manager of the Blue Star Line, and also attend to their business until the first day of October, or until such time as they returned from Alaska, they would personally pay to him all back salary due from the Blue Star Navigation Company, and two hundred dollars per month from and after said June

7th, for the time above specified; that on July 22, 1899, there was paid to the plaintiff the sum of $500 pursuant to said agreement, leaving a balance at that time of $184.15 still due; that in consideration of the promises of Duval and Fitch to pay the plaintiff two hundred dollars per month for services performed for the Blue Star Line (Company), and for said Duval and Fitch personally, the plaintiff performed the services, remained in the office of the company from June 7, 1899, until November 1, 1899, and did in every particular perform his contract in reliance upon the agreement of each of said defendants Duval and Fitch to pay him said sum per month for his services so performed. After setting out the particular services rendered by the plaintiff for the defendants under their agreement, the plaintiff alleged in said bill of particulars that the defendants failed and refused to perform the contract on their part, and that there was due him from them the amount claimed in the complaint.

The defendants Duval and Fitch then demurred to the complaint as amplified by the bill of particulars, on the ground that it stated several causes of action not properly joined. This demurrer was overruled, and the demurring defendants excepted. They then filed an answer consisting of denials of the material averments of the complaint. When the cause came on for trial counsel for plaintiff made the following statement of his case to the jury:

"Gentlemen of the jury, this is a case of W. L. Dudley against The Blue Star Navigation Company, Mr. Duval, who is the president of the company, and Mr. Fitch, who is one of the managers of the company, to recover certain moneys due for services rendered for the company and for these gentlemen as individuals, and it is alleged that the company and these individuals each promised to pay

him for those services rendered. He performed services for the company, and for these individuals, and has not been paid, except $175, which has been paid since this suit was brought by the Blue Star Company. We will agree that we will allow the $175 as a credit, so that when we prove our claim it will be the amount less $175."

Counsel for Duval and Fitch thereupon objected to the admission of any testimony on the ground that the case as laid in the bill of particulars was a total departure from the complaint, and that the case proposed at the trial was different from either, and a surprise to the said defendants, and on the further ground that the claim as shown in the bill of particulars was an obligation of guaranty, resting wholly in parol, as admitted by plaintiff. These objections were overruled, and the case went to trial, and a verdict was returned for the plaintiff for the amount demanded in the complaint, less the additional credit of $175. After denial of the motion for a new trial, a joint and several judgment was entered against the defendants in accordance with the verdict of the jury. From this judgment the defendants Duval and Fitch have appealed.

And it is contended by the appellants that the complaint, *as amplified by the bill of particulars,* states two distinct causes of action improperly united, and that the court, therefore, erred in overruling the demurrer to the complaint on that ground. It is said in the brief of the learned counsel for the appellants that this so-called bill of particulars is, in effect, a complaint in itself because of its stating certain transactions therein set forth. But, if that be true, it can hardly be regarded as a bill of particulars at all, and should have been objected to, in the court below, for insufficiency, and a further and more perfect account demanded.

"A bill of particulars does not set forth the cause of action or the ground of defense; these constitute the function of the original pleading. . . . Another object of a bill of particulars is to prevent surprise on the trial, by furnishing that information which a reasonable man would require respecting the matters against which he is called upon to defend himself; and by thus limiting the generality of the pleading its effect is to confine the proof to the particulars specified therein." 3 Enc. Pl. & Pr., pp. 519, 520.

See, also, *Eerry v. King County,* 2 Wash. 337-343 (26 Pac. 537).

Under our statute a bill of particulars cannot be considered a pleading. Ballinger's Code, §§ 4904, 4905. The plaintiff's cause of action must be stated in his complaint, and "The defendant may demur to the complaint when it shall appear upon the face thereof . . . 5. That several causes of action have been improperly united." Ballinger's Code, § 4907. It does not seem to be claimed by appellants that the complaint itself states more than one cause of action, but it is argued that as amplified by the bill of particulars it states two causes of action,—one upon a parol guaranty to pay the salary due plaintiff from the respondent corporation to June 7, 1899, and the other upon the joint obligation of the company and the appellants to pay the plaintiff the salary to become due after said date, less the payments alleged to have been made. We think the demurrer was properly overruled. While a bill of particulars may be said to be a part of the plaintiff's complaint in the sense that it must relate to the complaint and be construed with reference to it, yet it cannot be considered as a part of the complaint for the purposes of the subsequent pleadings, but only to the extent of restricting the plaintiff's proof to the matters therein specified. In other words, the

complaint cannot be enlarged or amended by a bill of particulars.

Under our system of pleading, several causes of action may be united in the same complaint when they all arise out of,—"1. Contract, express or implied. . . ." Ballinger's Code, § 4942. And, as we have seen, a complaint is demurrable on that ground only where the several causes of action are *improperly united.* It is manifest that the cause or causes of action stated in the complaint arose out of contract, and, that being true, even if two causes of action were stated, as claimed by appellants, it would seem to follow, in the absence of any showing to the contrary, that they were properly united in the complaint.

It is also insisted that the alleged undertaking of appellants to pay the salary due plaintiff on June 7, 1899, was a promise to answer for the debt of another person, and that the court erred in admitting parol testimony to prove it. It is true that under our statute (Ballinger's Code, § 4576) such promises are unenforceable and void unless they are in writing and signed by the party to be charged therewith. But it appears, both from the so-called bill of particulars and from the proof, that the salary due plaintiff on June 7, 1899, and which was the subject of the alleged guaranty, was actually paid on the 22d of July following, together with a large portion of the salary which became due between those dates. The contract of guaranty, then, if there was one, was *executed* before the action was commenced, and the fact that such contract once existed was proved by parol testimony was certainly not prejudicial to the appellants. The back salary, above mentioned, was not included in the plaintiff's cause of action, and the learned judge before whom the case was tried told the jury that the question of the

admissibility of the evidence as to that matter had been "eliminated from the case."

It is further claimed by appellants that the case presented by plaintiff in his bill of particulars and on the trial was a departure from that laid in the complaint, and that there was a variance between the allegations of the complaint and the proof. But we are unable to agree with counsel in this regard. A departure, under our statutes, is the statement of a cause of action in the plaintiff's reply, different from that set forth in the complaint, and which does not support and fortify it. A plaintiff in an action must recover, if at all, upon the cause of action stated in his complaint, and a reply which sets up a cause of action different from that stated in the complaint is deemed bad for departure. 6 Enc. Pl. & Pr., 461. In this case the plaintiff filed no reply, and there was no necessity for such a pleading, for there was nothing in the answer to reply to, and, in contemplation of law, there can be no departure from a complaint without a reply. Nor do we perceive any material variance between the allegations of the complaint and the proof at the trial. A variance, to be material under our statute, must actually mislead the adverse party to his prejudice in maintaining his action or defense upon the merits. And, whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and the court may thereupon order the pleading to be amended upon such terms as shall be just. Ballinger's Code, § 4949. No such showing was made to the court in this instance. There is a marked distinction between an immaterial variance and an absolute failure of proof. Ballinger's Code, § 4951. The former may be cured, as we have seen, by amendment of

the pleading, but the latter is fatal to the action or defense.

It was the province of the jury to determine the facts in the case, and we are of the opinion that the court was right in refusing to disturb the verdict. The judgment is affirmed.

REAVIS, C. J., and MOUNT and DUNBAR, JJ., concur.