(100 N. W. 1080.)

THOMAS HALLORAN v. C. DUANE HOLMES, DEFENDANT AND APPELLANT, AND E. K. WHITE, DEFENDANT.

Opinion filed October 25, 1904.

**Adverse Claim — Proof of Passive Trust Upon Allegation of Absolute Title Not Fatal Variance.**

1. In an action brought to establish plaintiff's ownership of land, and to prevent a conveyance thereof by a defendant apparently clothed with an absolute title, which the complaint alleges the defendant holds as security only for a debt, proof that the defendant's apparent title is a mere passive trust is not such a variance as to constitute a failure of proof.

**Objection to Evidence on Ground of Variance Must Also Show Objector Misled to His Prejudice.**

2. An objection to the admission of evidence on the ground that it is a material variance from the pleadings is of no avail unless the objection is supported by proof that the variance has misled the objecting party, to his prejudice, in maintaining his cause of action or defense on the merits.

**Bona Fide Purchaser — Passive Trustee.**

3. The land in dispute was wrongfully conveyed by the apparent but not real owner to H., who was only a nominal grantee to hold the title as trustee for a third party, who was the real buyer, and who paid the entire cash portion of the purchase price, and agreed to pay the remainder. *Held* that, as against the rightful owner of the land, H. was not a bona fide purchaser, but was a mere passive trustee for the real purchaser, even though H. signed a note and mortgage on the land to the seller for the unpaid portion of the purchase price.

**Bona Fide Purchaser — Payment After Notice of Defect in Title.**

4. Where one person is the cashier of a bank and secretary of another corporation, and is the active manager of both, a deposit by him in the bank of the consideration for a conveyance of land to the corporation of which he is secretary is not equivalent to payment to the grantor, so as to protect the grantee, as a bona fide purchaser,

when such deposit is retained in the bank under the direction of such person, and subject to his actual control, and is voluntarily paid over to the grantor after notice of the invalidity of the grantor's title.

#### One Who Receives Conveyance Before Notice of Defect But Pays Purchase Price Thereafter, Not a Bona Fide Purchaser.

5. One who pays to the grantor the entire consideration for a conveyance after notice of the grantor's invalid title is not a bona fide purchaser, even though he received the conveyance before such notice.

#### Appellate Court Notices Only Errors Affecting Appellant.

6. On appeal by one of several defendants, this court will not notice alleged errors which do not affect the appellant.

Appeal from District Court, Dickey county; *Lauder*, J.

Action by Thomas Halloran against C. Duane Holmes and others. Judgment for plaintiff. Defendant Holmes appeals.

Affirmed.

*Benjamin Porter* and *W. F. Mason*, for appellant.

When a grant of real property purports to be an absolute conveyance, but is intended to be a mortgage, it cannot be defeated as a grant against any person taking by purchase from the grantee therein named, without actual notice. Mabury v. Ruiz, 58 Cal. 11.

One who takes by a warranty deed is a purchaser in good faith for a valuable consideration within the meaning of the registry law, and entitled to protection, although his grantor took by a quitclaim deed. Winkler v. Miller, 6 N. W. 698; Hannan v. Seidentopf, 86 N. W. 44; Chapman v. Sims, 53 Miss. 154; Kesler v. Johnson, 81 N. W. 922; Esty v. Cummings, 83 N. W. 420.

*E. E. Cassels* and *C. W. Davis*, for respondent.

No variance between the allegation in a pleading and the proof shall be deemed material, unless it has misled the adverse party to his prejudice, and whenever a party is alleged to have been so misled, the fact shall be proved to the satisfaction of the court, and in what respect a party is so misled. Section 5293, Rev. Codes; North Star Boot & Shoe Co. v. Stebbins, 54 N. W. 593.

Variance between evidential facts alleged and those proved, which has not misled, surprised or prevented a fair trial is not fatal to a decree, warranted by the ultimate facts alleged in the bill. Burt v. C. Gotzian & Co., 102 Fed. 937, 43 C. C. A. 59.

Burden of proof is upon defendant Holmes to show that he was a bona fide purchaser for value in good faith without notice. Pricket v. Muck, 42 N. W. 256; Nolon v. Grant, 5 N. W. 513; Upton v. Betts, 59 Neb. 730, 82 N. W. 19. Notice must be denied down to the payment of the purchase price. 23 Am. & Eng. Enc. of Law, 220, and cases cited.

Actual payment before notice must be shown clearly and positively before defense of bona fide purchaser can prevail. Minor v. Willoughby, 3 Minn. (Gil. 154) 225; Newton v. Newton, 48 N. W. 450; Nickerson v. Meacham, 14 Fed. 884; Larkin v. Mining Co., 25 Fed. 342; Davis v. Ward, 41 Pac. 1011; Wormley v. Wormley, 8 Wheaton 421, 5 L. Ed. 651; Woods v. Holley Mfg. Co., 46 Am. St. Rep. 64, 13 So. 953; Boone v. Chiles, 10 Peters 177, 9 L. Ed. 388; 23 Am. & Eng. Enc. Law, 517; Doran v. Dazey, 64 N. W. 1025; Jewett v. Palmer, 7 Johns Ch. 68, 11 Am. Dec. 401; Ledbetter v. Walker, 31 Ala. 177.

A witness not connected with a county office cannot testify to the absence of official papers belonging therein. Fisher v. Betts, 12 N. D. 197, 96 N. W. 132.

ENGERUD, J. The plaintiff, Halloran, commenced this action March 22, 1902, against C. Duane Holmes and E. K. White. The complaint alleges, in substance, that on May 30, 1899, the plaintiff was the owner in fee of the section of land in controversy, situated in Dickey county; that plaintiff executed and delivered to said White a deed of the land in question, which deed, although absolute in form, was in fact given only as security for a present loan and certain anticipated future advances by White to plaintiff; that plaintiff has offered, and is ready and willing, to pay to White whatever sum may be due on account of such loan and advances; that White refuses to render any account, but insists upon retaining possession of and selling said land; that the defendant Holmes claims some interest or estate in said land adverse to plaintiff. The prayer for judgment is that an accounting be had between plaintiff and White; that, upon payment of the debt to White, the latter be required to convey to plaintiff; that Holmes be required to disclose the nature and source of his adverse claims; that the title be quieted in plaintiff; and for general equitable relief. White answered, admitting plaintiff's ownership of the land on May 30, 1899, and the conveyance thereof to himself by a deed absolute in form, but alleging that the consideration for the conveyance "was

in part said former indebtedness by the plaintiff to this defendant, and * * * that at the time of the execution of said deed of conveyance, and as part of the same transaction, it was agreed by and between the plaintiff and this defendant that this defendant should sell and convey said land, and should account to the plaintiff for the amount realized in excess of the consideration already received by the plaintiff for said conveyance, and interest thereon." He further alleges that pursuant to the said agreement he sold and conveyed the land to defendant C. Duane Holmes for $3,400, which was a reasonable price; that plaintiff knew that such sale was about to be made, and acquiesced therein; that the defendant is, and always has been, ready and willing to account to plaintiff for the proceeds of said sale, and to pay to plaintiff whatever sum is due to plaintiff therefrom after deducting plaintiff's debt to defendant. The answer of defendant Holmes admits the plaintiff's ownership of the land on May 30, 1899; the conveyance thereof on that day by plaintiff to White; that he (Holmes) claims title thereto; and denies all other allegations of the complaint. The answer further alleges that this defendant, in good faith, for a valuable consideration, and without notice of any defect in White's title, purchased the land from, and had the same duly conveyed to himself by, E. K. White, in whom the title appeared of record by virtue of plaintiff's deed to the latter dated May 30, 1899, and which was recorded on February 28, 1902. The issues were submitted to the district court for trial without a jury. The trial court found, among others, the following facts: That plaintiff, who was then the owner of the land in dispute, on May 30, 1899, executed and delivered to defendant White a quitclaim deed thereof, absolute in form; that the deed recited a consideration of $1,000, "but in fact no consideration whatever was paid therefor, and said conveyance was made in trust for the use and benefit of the plaintiff and his wife, Alice Halloran, and, in connection with the execution and delivery of said conveyance, the defendant White, joined by his wife, Anna A. White, executed and delivered to the plaintiff a trust agreement wherein and whereby he acknowledged said trust, and covenanted and agreed with the plaintiff and his wife, Alice Halloran, to convey said land and premises at any time, upon their joint demand, or upon the demand of either of them, by quitclaim deed, according to the terms of such demand, and without consideration therefor; that the defendant White then had not, nor

has he since then acquired, any other or further interest or estate in, or lien, incumbrance, or demand whatever upon, said land and premises, or any part thereof;" that White, without knowledge or consent of plaintiff, conveyed the land to Holmes for the agreed price of $3,400; that the deed was delivered before the commencement of this action, but no part of the purchase price was paid until after the service of the summons and complaint upon Holmes; that $1,700 of the purchase price was cash, and the remainder was represented by Holmes' promissory note to White for $1,700, payable one year from its date, secured by mortgage on the land; that Holmes was a mere nominal grantee; that "the Marshall-McCartney Company, a corporation, of Oakes, North Dakota, however, negotiated for this conveyance from White to Holmes, paid the $1,700 cash portion of the consideration therefor, expect to pay said note and mortgage when it becomes due or is paid, and Holmes has no interest in the premises, other than to hold the title thereto for said Marshall-McCartney Company;" that, when said corporation parted with the consideration for said conveyance, it had knowledge of the pendency of this action. As conclusions of law, the trial court held, in substance, that plaintiff was the owner in fee of the land; that White never had any title to or lien thereon; that neither Holmes nor the Marshall-McCartney Company were purchasers in good faith, without notice, and neither acquired any title by the deed from White. The conclusions further declare that the Marshall-McCartney Company was the real purchaser of the land, under the conveyance thereof by White to Holmes, and as such is a real party in interest, and a proper party defendant in this action. It was accordingly ordered that the Marshall-McCartney Company be made a party defendant; that judgment be entered annulling the deed from plaintiff to White and the deed from White to Holmes, barring the defendants, including the Marshall-McCartney Company, from any claim of title to, estate in, or lien upon the land, and awarding the title and possession thereof to the plaintiff. Judgment was entered pursuant to the order, and defendant Holmes alone appeals. A statement of the case embodying all the evidence was duly settled, and appellant demands a review of all the issues, under section 5630, Rev. Codes 1899.

Appellant contends that the finding of fact to the effect that the deed from plaintiff to White created a mere passive or dry trust in White with respect to the land is fatally variant from the

complaint, in which it was alleged that said deed was a mortgage. Defendants at the trial objected, on the ground of variance, to the introduction of all the evidence, upon which this finding is based. The proof on this subject, all of which came in subject to defendant's objection for variance, establishes conclusively the facts as stated in the finding. At the time the deed was executed a written declaration of trust was also executed, signed by White and his wife, the terms of which declaration were substantially as stated in the finding. The execution of this trust agreement was not disputed. No subsequent modification of it is claimed. Some evidence was offered by defendants, which was disputed by plaintiff, tending to ·show an oral agreement, contemporaneous with the execution of the written declaration of trust, to the effect that the deed was intended as security for an existing loan and future advances by White to Halloran. The evidence, however, was clearly incompetent, because it tended to vary the terms of the written agreement between the same parties with respect to the same subject-matter, and there was no claim of fraud or mistake with respect to the writing, or any ambiguity in its terms. We are further satisfied from the evidence in the case that the then existing indebtedness of plaintiff to White, and that which subsequently arose, was secured only by a mortgage of plaintiff's LaMoure county lands, and that the declaration of trust stated the true arrangement between the parties touching the land in question.

Under the provisions of the Code of Civil Procedure, a variance, unless it amounts to a failure of proof, is not material, unless "it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." If the objecting party asserts that such is its effect, "the fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading· to be amended upon such terms as shall be just." Rev. Codes 1899, section 5293. "When the variance is not material as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs." Rev. Codes 1899, section 5294. The effect of these provisions is to make the materiality of a variance depend upon satisfactory proof that it has actually misled the adverse party to his prejudice. Unless such proof is furnished, the variance must be deemed immaterial and be disregarded. Washburn v. Winslow, 16 Minn. 33 (Gil. 19);

Catlin v. Gunter, 11 N. Y. 368, 62 Am. Dec. 113; North Star Boot & Shoe Co. v. Stebbins, 3 S. D. 540, 54 N. W. 593. In this case, although the defendants objected to the evidence in question on the ground of variance, they did not support their objection by proof, or offer of proof, that they were prejudicially misled by the variance in maintaining their defense on the merits. In the absence of such proof, an objection for variance is unavailing, unless the variance is of such a degree as to be a failure of proof, as defined in section 5295, Rev. Codes 1899. Under that section a failure of proof results only "When * * * the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning." This is not such a case. It is true, the complaint alleges, in effect, that the deed to White was a mortgage, and demands, among other things, an accounting, to the end that plaintiff may redeem. In that respect the action is in the nature of a suit to redeem. But that is not the entire cause of action, or all the relief sought. The complaint further alleges, in effect, that the plaintiff is the real owner in fee of the land; that White, although the apparent owner, is not such in fact, and is without right to convey; that he threatens to sell; and the ultimate relief sought is to protect and quiet plaintiff's title. Plaintiff's right, upon which he bases his cause of action, is his ownership in fee. The fact that he concedes in the complaint that White had a lien for an unascertained amount does not affect the nature of plaintiff's right to the land, or of the wrong the defendants have done him. Neither does it change the kind of ultimate relief demanded—the protection and enforcement of plaintiff's rights as owner in fee. In short, the variance here presented is not a departure from the "entire scope and meaning" of the alleged cause of action, but is a mere failure to prove it in some particulars. Catlin v. Gunter, 11 N. Y. 368, 62 Am. Dec. 113; Place v. Minster, 65 N. Y. 89; Anderson v. Bank, 5 N. D. 80, 64 N. W. 114; Burt v. Gotzian & Co., 102 Fed. 937, 43 C. C. A. 59.

Appellant asserts that the trial court's finding to the effect that Holmes was a mere nominal grantee, and held the title for the exclusive use and benefit of Marshall-McCartney Company, is not supported by the evidence. The evidence shows that the deed from White to Holmes had been by the former transmitted to the Bank of Oakes for delivery to Holmes on payment of the purchase price.

Half of the price was to be paid in cash, and the remainder by Holmes' note to White, secured by mortgage on the land. One McCartney was the cashier and active manager of the bank, and he was also the secretary and active manager of the Marshall-McCartney Company. The offices of the two corporations were in adjoining rooms of the same building, and the business of both was conducted by McCartney with the assistance of two clerks, one of whom was the defendant Holmes. The latter took no part in the negotiation for or consummation of the purchase from White, except to consent to the insertion of his name as grantee in the deed, and to affix his name to the note and mortgage, all of which he did at the request of McCartney. It was understood that Marshall-McCartney Company would pay the note, and that the title was held by him for the corporation as a matter of convenience. McCartney, as secretary of the Marshall-McCartney Company, deposited Holmes' note and mortgage, together with a draft bought with the corporation's money for $1,700, in the Bank of Oakes, of which he was cashier. The draft and note were to be transmitted to White as soon as an alleged defect in the record title of the land was removed. The defect was removed March 22, 1902, which was the day the summons and complaint in this action were served on Holmes. Meanwhile McCartney had been called away from town, and Holmes and his fellow employe did not transmit the money, note and mortgage to White, but held the same until McCartney's return: When McCartney returned, about ten days after the action was commenced, he was informed thereof, and at once sought legal advice and retained attorneys to defend this action. He thereupon remitted the draft, note and mortgage to White.

On this state of facts, it is argued that the execution and delivery of the note by Holmes to the bank made him the real purchaser of the land, even though the Marshall-McCartney Company made the cash payment and expected to pay the note. It is further argued that the depositing of the money, note and mortgage in the bank for transmission to White placed them beyond the purchaser's control, and hence was equivalent to the payment of the entire consideration before suit commenced. We cannot agree to either of these propositions. Under the circumstances of this case, it is apparent that the execution of the note by Holmes was merely for the accommodation of the Marshall-McCartney Company. It is very clear that the Marshall-McCartney Company was the real

purchaser of the land, and, as such, expected to pay the note, and that Holmes was a mere passive trustee of the title. But even if Holmes is regarded as the real purchaser, his position is no better. In that case McCartney must. be regarded as his agent, and it is undisputed that everything McCartney did was done with the express or tacit acquiescence of Holmes, and the latter is chargeable with the former's acts. Notwithstanding the formal delivery of draft, note and mortgage to the bank by McCartney, those papers remained under his actual control. He was the manager of both corporations. In the face of these facts, it is idle to attempt to distinguish by subtle refinements between his acts as cashier of the bank and his acts as secretary of the other corporation. The stubborn fact remains that the purchase price of this land did not and could not pass from his. control until he voluntarily chose to part with it. It follows from the foregoing that appellant is not entitled to protection as a bona fide purchaser. It is essential to that defense not only that the defendant bought in good faith, but that the consideration was actually paid in good faith, without notice of the hidden defect in the title. Fluegel v. Henschel, 7 N. D. 276, 74 N. W. 996, 66 Am. St. Rep. 642; Minor v. Willoughby, 3 Minn. 225 (Gil. 154); Jewett v. Palmer, 7 Johns. Ch. 65, 11 Am. Dec. 401; Pomeroy, Eq. Jur., section 691. In this case none of the consideration was paid until long after the purchaser had notice of his grantor's alleged want of title, notice of which was conveyed to him in explicit terms by the complaint in this action.

Appellant finally assigns error upon that part of the order and judgment which purports to make the Marshall-McCartney Company a party defendant in this action. It is unnecessary for us to determine the propriety or effect of that order on this appeal. It does not affect the rights of this appellant in the slightest degree.

The judgment is affirmed. All concur.

## ON REHEARING.

(November 23, 1904.)

The appellant has filed a petition for rehearing. It presents no propositions which were not fully considered by us in rendering our decision. The petition criticises, among other things, that part of the opinion in which it was said that a deed, absolute in form, but in fact a mortgage, does not convey the legal title to the grantee.

We did not discuss this proposition at length or cite authorities in its support, because the proposition, to our minds, was so obvious as not to require an extended discussion. Petitioner, however, cites Hughes v. Davis, 40 Cal. 117, and Espinosa v. Gregory, 40 Cal. 58, in which it is held that, where an absolute conveyance is given as security, the mortgagor retains the right of redemption only, the legal title being in the mortgagee; and counsel asserts that there is no conflict of authorities upon the rule laid down in these cases. Counsel has evidently overlooked the fact that these cases were decided before the adoption of the Civil Code in California. The Code of that state expressly provides, as does the Code of this state, that a mortgage is a mere lien, and that a deed absolute in form may be shown to be a mortgage. The Supreme Court of California, in Taylor v. McLain, 64 Cal. 513, 2 Pac. 399, held that a deed absolute in form, but given only as security, did not pass the legal title, and that the effect of the Code provision mentioned was to restore the rule laid down in Cunningham v. Hawkins, 27 Cal. 604, which had been overruled by the cases counsel cites. See, also, Healy v. O'Brien, 66 Cal. 519, 6 Pac. 386; Raynor v. Drew, 72 Cal. 308, 13 Pac. 866; Webb v. Hosselton, 4 Neb. 319, 19 Am. Rep. 638; Lenox v. Reed, 12 Kan. 223; McLane v. Paschal, 47 Tex. 365.

The petition for rehearing is denied.