[No. 15592.　Department Two.　December 17, 1919.]

CLARENCE L. REAMES, *Respondent,* v. L. H. HEYMANSON,
*Personally and as the Puget Sound Cap
Manufacturer, Appellant.*[1]

DAMAGES (98)—PLEADING—VARIANCE—GENERAL OR SPECIAL—PERSONAL INJURY. In an action for personal injuries, where the effects of the accident upon the plaintiff's eyes resulting in a diminution of vision were fully set forth in the complaint, it is competent for an expert to give his opinion that the diminution of vision was the result of a fracture of the skull, although such fracture was not specially pleaded, there being no suggestion of surprise, defendant's witnesses having examined plaintiff and being of the opinion that there was no fracture.

MUNICIPAL CORPORATIONS (392)—TRIAL (101)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In view of defendant's requested instructions as to plaintiff's duty to look for approaching vehicles while on a cross-walk, and of evidence tending to show that he was struck by defendant's car while on the sidewalk, failure to give further instructions as to his contributory negligence, if he failed to look for a car while on the cross-walk, is not prejudicial error.

Appeal from a judgment of the superior court for King county, Pemberton, J., entered May 27, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Preston, Thorgrimson & Turner,* for appellant.
*Tucker & Hyland,* for respondent.

TOLMAN, J.—This is an appeal from a judgment entered on the verdict of the jury in a personal injury case. The complaint charges negligence on the part of appellant in driving his automobile, without chains or anti-skid devices, down a sixteen per cent grade on Marion street, between Third and Fourth avenues, in

[1]Reported in 186 Pac. 325.

the city of Seattle, when the street was in a wet and slippery condition, at an excessive rate of speed; failure to give warning; reckless driving, and that the machine was not in proper repair as to brakes and steering gear, resulting in appellant's running his machine upon the sidewalk near the intersection of Marion street and Third avenue, striking respondent, and inflicting the injuries which are described in the amended complaint, as follows:

"That the said plaintiff was rendered unconscious and remained unconscious and semi-conscious for a period of approximately twenty-four hours; that the fifth and sixth ribs upon the right side were cracked at the junction of the middle and outer third; that the muscles attached to the ribs were torn and bruised by the violence of the injury; that there was a contused, lacerated wound near the external canthus of the left eye; there was another wound of a similar character involving the left eyebrow and extending down upon and nearly through the upper portion of the left eyelid.

"That by reason of the injury aforesaid, there is a diminution of the visual acuity of both eyes, the right being 6/7th and the left being 6/7th minus 1. That there is a cloudiness of the right frontal sinus by reason thereof, and there is an occlusion, partial, of the left supraorbital vein, edema of the left upper lid, and a tenderness of the left supraorbital notch. That there is a contraction of the form field for white, red and blue, and enlargement of the blind spot, left, for both white and red. That there is a permanent diminution of the vision to the extent of one-sixth of said total vision.

"That the plaintiff lost two teeth by reason of the injury aforesaid, and the said injury caused permanent injury to all of plaintiff's teeth.

"V. That by reason of the facts aforesaid, the plaintiff was made to and did suffer great bodily pain and mental anguish, and severe and permanent ner-

vous shock, and has been permanently injured as aforesaid.''

The further facts, so far as necessary to an understanding, will appear as the points in issue are discussed.

It is first claimed that the trial court committed error in permitting the physician called as an expert witness on behalf of respondent, after having described the external injuries, the condition of the eyes, and that respondent complained of pain and tenderness in that region, over objection, to testify that, in his opinion, the condition of the eyes and the pain were caused by a small fracture of the skull down in the eyesocket where it could not be discovered by the X-ray examination; that this opinion was an inference drawn from the conditions which he had already described substantially in the language of the complaint, and, on cross-examination, the witness stated that this opinion was a conjecture on his part. There is no element of surprise involved, as appellant's physicians testified that they had fully and carefully examined respondent for evidences of a fracture of the skull, and found none, and gave reasons why, in their opinions, no such fracture could have existed; so that the cold question as here presented is as to whether or not it was error to permit a witness to give his opinion as to what caused the conditions which were pleaded.

The rule is, of course, well established that where one sets forth in his complaint certain definite and specific injuries, for which damages are claimed, he will not be permitted to give evidence, over objection, of other injuries not specified, but the injuries of which proof will be admitted must be such as are described, or would be expected naturally to result from those described, either specifically or generally (*Eckhart v. Peterson*, 94 Wash. 379, 162 Pac. 551); but here

the pleader's mistake, if it be a mistake, appears to have been in pleading the effect instead of the cause. The effect of the accident upon the eyes, resulting in the claim of diminution of vision, was fully set forth in the complaint, and if, when the cause is pleaded, the natural and probable effect may be shown, why may not the rule work both ways, and in such a case as this, where the damages sought are for diminution of sight, fully described, why may not the cause of such diminution be shown though not specifically pleaded, especially if the opposing party be not misled to his injury. So far as giving notice to the adverse party is concerned, the pleading of the effect without the cause would appear to accomplish the purpose much more certainly than pleading the cause without the effect. Numerous authorities have been cited pro and con, which we have examined with care. Each case appears to be decided upon the peculiar facts involved, and little enlightenment would follow from a discussion of the authorities here. We find nothing in such cases, however, that we deem to be authority against the ruling of the trial court on this question, especially when it is remembered that appellant might have fully protected himself from any possible wrongful effect of such testimony upon the jury by requesting an instruction to the effect that respondent could recover only for the injuries described in his complaint, and that this testimony should be considered only as bearing upon such described injuries, and not as introducing a new condition upon which other and further damages might be allowed.

By proper assignments of error, the appellant raises the point that the question of contributory negligence, pleaded generally in his answer, was not properly submitted to the jury. Appellant's theory of the case was that the collision occurred upon a

cross-walk, while respondent's contention was that he was struck in the back after he had crossed Marion street and was proceeding north upon the Third avenue sidewalk. The court correctly gave the instruction requested by appellant defining respondent's duty to look for approaching vehicles while on the cross-walk and gave an instruction to the effect that, if respondent was upon the sidewalk, he had a right to assume that automobiles would not be driven thereon. In the light of all the evidence, we cannot say that the court should have given a further requested instruction to the effect that if, under all the circumstances, the jury should find that the respondent saw, or should have seen, the approaching car while he was on the cross-walk, and if they should further find that, if he so saw, or should have seen, the approaching car, he would have been able to avoid being struck thereby after he had entered upon the sidewalk, then his failure to so avoid the collision would be contributory negligence.

We have examined the instructions as a whole in the light of all the testimony, and conclude that the case was fairly submitted to the jury, and that no reversible error is disclosed by the record.

Judgment affirmed.

HOLCOMB, C. J., MOUNT, BRIDGES, and FULLERTON, JJ., concur.