[No. 28161. Department One. December 31, 1941.]

BEN J. WEST, *Respondent*, v. ALLAN J. AIRTH *et al.,*
*Appellants.*[1]

*Preston, Thorgrimson & Turner,* for appellants.

*Kennett & Benton,* for respondent.

ROBINSON, C. J.—This appeal is from a judgment entered upon a verdict for plaintiff in an action to recover damages for personal injuries received in an automobile accident.

The assignments of error are (1) that the court erred in receiving evidence of a brain injury, over appel-

[1]Reported in 120 P. (2d) 536.

lants' objection, and (2) in overruling appellants' motion for a new trial.

Paragraph IX of the complaint alleged:

"That as a direct and proximate result of the negligence of the defendant Airth, and of the great force and violence with which said automobile came into collision with the automobile of the plaintiff, the plaintiff was thrown violently about in his said automobile, injuring and damaging him as follows:

"Plaintiff suffered a severe bruising and injury of the soft tissues and blood vessels surrounding the rectum, which caused him excruciating pain and discomfort and which required plaintiff to submit himself to a surgical operation for the relief and repair of such condition. Plaintiff suffered a severe and permanent injury to the nerves, muscles, ligaments and tissues of his right shoulder and shoulder joint and right arm, which injuries so received have resulted in a marked weakness in plaintiff's right hand and made it impossible for him to raise his arm to any great degree from his side, because of pain and weakness. That said injury has resulted in a diminution of all types of sensation, especially position sense, in the right side of plaintiff's body, particularly along the distribution of the cervical nerves from the third to the eighth segment. That said injury has caused and will permanently in the future cause plaintiff excruciating pain. That said injury has resulted in a parasthesia centering in the anterior part of the right shoulder. That as a result of said injuries plaintiff is now suffering and will indefinitely in the future suffer from a brachial plexus neuritis on the right side. That said injury has produced a tremor in plaintiff's right arm which occurs when said arm is extended or when the right hand is made into a fist. That each and all of the sensory and motor disturbances, pain and disabilities resulting from said injuries, are of a permanent character and are the direct and proximate result of the aforesaid negligence of the defendants."

At the trial, after plaintiff's counsel had made his opening statement, the following colloquy took place:

"MR. PRESTON: There is one matter I would like to bring up in the absence of the jury. (Thereupon the jury retired to the jury room). MR. PRESTON: If I understood counsel correctly he said he would prove the injury to the head had produced certain lack of life or function in the body. Do I understand you correctly? MR. KENNETT: No. I said that the blow that he received affected the nerves that control the functions of that arm. That is when he struck his head on the side. MR. PRESTON: And that caused what? MR. KENNETT: The nerve nuclei which control the nerves were damaged. MR. PRESTON: I would object to that for the reason that would be outside of the. issues. He alleged simply that he suffered a severe and permanent injury to the nerves, muscles, ligaments and tissues of his right shoulder and shoulder joint and right arm, and I don't think that would let in proof of any injury resulting by reason of a blow to the head. MR. KENNETT: That is where the nerves start. That is a matter of proof. MR. PRESTON: That is paragraph IX, Your Honor. He has no mention even of any blow on the head. THE COURT: And I understand, his claim is that the injury was to the nerves, muscles, ligaments and tissues of his right shoulder and shoulder joint and right arm. That is all he claims there. MR. KENNETT: Yes. The nerves radiate from the brain. MR. PRESTON: There is no claim of a severe head injury or injury to the head. It is a complete surprise—MR. KENNETT: Counsel should read this portion: 'which injuries so received have resulted in a marked weakness in plaintiff's right hand and made it impossible for him to raise his arm to any great degree from his side, because of pain and weakness. That said injury has resulted in a diminution of all types of sensation, especially position sense, in the right side of plaintiff's body, particularly along the distribution of the cervical nerves from the third to the eighth segment.' There was a medical examination had and they had this complaint before they made the examination. THE COURT: Yes, I think so. MR. PRESTON: I object to it. I don't want to be objecting all through the trial. May it be understood I object to proof of any injury resulting from a blow on the head? THE COURT: Yes. MR.

PRESTON: Just so that it is understood that I am objecting to that and allow a general objection to all that. THE COURT: Yes. MR. PRESTON: And I will not be taken to have waived an objection to any evidence along that line that comes in. THE COURT: Yes, the record may so show. Bring in the jury. MR. PRESTON: I do claim surprise. THE COURT: Yes. The record may so show. (Thereupon the jury returned to the jury box)."

Plaintiff called Dr. Lemere, a physician specializing in neurology and psychiatry, who testified that he examined plaintiff in September, 1939, and again on April 23, 1940, and that, in his opinion, the tremor in plaintiff's right arm was caused by paralysis agitans, or shaking paralysis; that paralysis agitans is caused by an impairment or injury to the nerve centers in the brain, and that it was his opinion, from the symptoms and the history given by plaintiff, which included a statement by plaintiff that he was in an automobile accident and struck the left side of his head against the side of the car, that the paralysis agitans from which plaintiff was suffering was caused by the accident.

Appellants contend that this testimony of Dr. Lemere was outside the issues raised by the pleadings, and that its admission in evidence, over their objection, constituted reversible error.

The complaint, as above indicated, charged, among other things, that plaintiff suffered "a severe and *permanent injury to the nerves,* muscles, ligaments and tissues of his right shoulder and shoulder joint and right arm," and that such injury "has produced a *tremor in plaintiff's right arm* which occurs when said arm is extended or when the right hand is made into a fist," and that "each and all of the sensory and *motor disturbances,* pain and disabilities resulting from said injuries, are of a permanent character and are the di-

rect and proximate result of the aforesaid negligence of the defendants." (Italics ours.)

We think that the allegations of the complaint were sufficiently broad to let in evidence that the tremor in plaintiff's right arm was caused by an injury to the motor nerves of that arm at the point where they center in the brain, and that such injury to the motor nerves or nerve nuclei was caused by the accident. See *Clukey v. Seattle Electric Co.*, 27 Wash. 70, 67 Pac. 379; *Reames v. Heymanson,* 109 Wash. 132, 186 Pac. 325; *Carton v. Eyres & Seattle Drayage Co.*, 117 Wash. 536, 201 Pac. 737; *Griffith v. Thompson,* 148 Wash. 243, 268 Pac. 607; *Montgomery v. Lansing City Electric R. Co.*, 103 Mich. 46, 61 N. W. 543; *McCulloch v. Horton,* 105 Mont. 531, 74 P. (2d) 1, 114 A. L. R. 823; *Pigford v. Howse,* 149 Miss. 692, 115 So. 774; *Machado v. Harm,* 112 Cal. App. 748, 297 Pac. 626; *Samuel v. California Street Cable R. Co.*, 124 Cal. 294, 56 Pac. 1115; *Kuhns v. Marshall,* 44 Cal. App. 588, 186 Pac. 632; *Sponable v. Thomas,* 139 Kan. 710, 33 P. (2d) 721.

But, even if the testimony did vary from the allegations of the complaint, we do not think that appellants are in a position to contend that the judgment should be reversed on that account. While counsel stated to the trial court that he claimed surprise, no attempt was made to show that defendants were unprepared to meet the issue, or that the variance actually misled them, to their prejudice, in maintaining their defense; nor did they ask for a continuance or seek further opportunity to examine the plaintiff.

It appears that Dr. Berge, a prominent physician of the city of Seattle, was employed by defendants to examine plaintiff, and did examine him both before and after the institution of the suit. Although he testified that he did not specialize in neurology, it is apparent that he made a full and complete examination

of plaintiff's condition and came to the witness stand fully prepared to testify regarding the nature and cause of plaintiff's physical impairment. He testified that, in his opinion, the tremor in plaintiff's right hand was due to a functional, not an organic, condition, and that, in his opinion, the condition was not permanent, although he would give no opinion as to when plaintiff would regain the full use of his right arm.

The trial lasted three days. At the commencement of the trial before any witnesses were called to the stand, defendants had notice that plaintiff claimed that the condition of his right arm was due to an injury to the nerve nuclei in the brain, and that such injury to the nerve nuclei in the brain was due to the accident. Dr. Lemere's testimony was given on the second day of the trial. If defendants desired to obtain evidence or medical testimony, in addition to that of Dr. Berge's, that the tremor in plaintiff's right arm was not caused by an injury to the nerve centers in the brain, or that the injury to the nerve centers in the brain was not caused by the accident, they should have asked for a continuance.

Rem. Rev. Stat., § 299 [P. C. § 8332], provides:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just."

It will be seen from this section that it is not sufficient for the party merely to allege that he has been misled, but he must prove the fact to the satisfaction of the court, and in what respect he has been misled, where-

upon the court "may order the pleading to be amended upon such terms as shall be just."

It is well-settled in the code states that a mere variance between the pleadings and the proof will be deemed immaterial unless the complaining party makes a sufficient showing before the trial court that he has been misled thereby to his prejudice in maintaining his action or defense upon the merits. Mere objection to the introduction of the evidence and claim of surprise are not sufficient. *Olson v. Snake River Valley R. Co.,* 22 Wash. 139, 142, 143, 60 Pac. 156; *Ernst v. Fox,* 26 Wash. 526, 67 Pac. 258; *Dudley v. Duval,* 29 Wash. 528, 534, 70 Pac. 68; *Butterworth & Sons v. Teale,* 54 Wash. 14, 102 Pac. 768; *North Star Boot & Shoe Co. v. Stebbins,* 3 S. D. 540, 54 N. W. 593; *Halloran v. Holmes,* 13 N. D. 411, 101 N. W. 310; *Outcault v. Wee,* 175 Minn. 443, 221 N. W. 682; *Rainsford v. Massengale,* 5 Wyo. 1, 35 Pac. 774; *Denn v. Peters,* 36 Ore. 486, 59 Pac. 1109; *Brace v. Doble,* 3 S. D. 416, 53 N. W. 859. See, also, Pomeroy, Code Remedies, §§ 329, 448; 3 C. J. 802, § 720; 49 C. J. 811, 812, § 1191.

Appellants did not move to require the plaintiff to amend, nor ask for a continuance, nor did they make any showing whatever in the trial court at any time during the trial, or, so far as the record shows, at the hearing on the motion for a new trial, that they were misled to their prejudice by the testimony introduced by plaintiff. Under these circumstances, the variance, if indeed there was any, must be treated as immaterial.

The judgment appealed from is affirmed.

STEINERT, MAIN, BLAKE, and DRIVER, JJ., concur.